## WATSON & POWERS *v.* LOUGHRAN.

1. Where an innkeeper fails to adopt "reasonable regulations for his own protection" and to provide for the due "publication of such to his guests," a guest who sustains a loss may recover therefor, unless guilty of "negligence or default . . . of which the loss is a consequence."
2. Whether given acts or omissions of a guest by whom a loss is sustained do or do not amount to such negligence on his part as will constitute a "sufficient defense" to an action against the landlord for the value of lost property is generally a question for the jury. In the present case, however, even if the

plaintiff was guilty of negligence which might naturally have resulted in the loss of her property, the defendants were nevertheless liable, because, after the discovery of such negligence by them, the exercise of extraordinary diligence on the part of themselves or their servants would have prevented the loss.

3. The measure of damages to be applied on the trial of an action by the guest of a hotel against the landlord for the loss of property is, in case the latter is liable, the market value of the property at the time of the loss, to which interest may be added and included in the total sum of damages allowed. In determining its value, the cost of the property may be considered, in connection with other facts; but evidence of its cost, without more, is not sufficient proof of its market value.

4. When in such a case the evidence as to the value of much of the stolen jewelry, for which it was sought to hold the landlord liable, related to what it had cost at different times in past years, and did not definitely show its market value at the time the loss occurred, it was erroneous to charge the jury: "This is a question of the value of property, like proving the value of a horse that may be in dispute; and you are to be governed by the value of that property as produced upon the stand; whether right or wrong is no concern of yours; you find your verdict according to what is proven to be the value of the property."

Argued February 1, — Decided February 28, 1901.

Action for damages. Before Judge Norwood. City court of Savannah. June 25, 1900.

*William R. Leaken*, for plaintiffs in error.
*R. R. Richards*, contra.

FISH, J. Mary E. Loughran sued Watson & Powers for damages for the loss of certain jewelry which she alleged was stolen from her while a guest of the hotel kept by the defendants. There was a verdict for the plaintiff, and upon the defendants' motion for a new trial being overruled they excepted.

1. "An innkeeper is bound to extraordinary diligence in preserving the property of his guests, intrusted to his care, and is liable for the same, if stolen, where the guest has complied with all reasonable rules of the inn." Civil Code, § 2935. Leaving goods in the room of the guest is a delivery to the innkeeper. Ib. § 2936. "The innkeeper may provide an iron safe, or other place of deposit for valuable articles, and, by posting a notice thereof, may require his guests to place such valuable articles therein, or he will be relieved from responsibility for them." Ib. § 2937. "In case of loss, the presumption is want of proper diligence in the landlord. Negligence or default by the guest himself, of which the loss is a

consequence, is a sufficient defense. The innkeeper can not limit his liability by a public notice; he may adopt reasonable regulations for his own protection, and the publication of such to his guests binds them to comply therewith." Ib. § 2938. Upon the trial of the case under consideration, the defendants did not claim to have posted any notice requiring guests to place valuable articles in an iron safe, or other place of .deposit provided for such purpose, nor did they contend that they had even adopted reasonable rules or regulations for their own protection. The defendants were liable to the plaintiff for a loss sustained by her, while their guest, unless she was guilty of negligence or default of which the loss was a consequence. The plaintiff testified, in substance, that while she was a guest of defendants' hotel, desiring to go out, she placed her jewels in her trunk, which was in her room, locked the trunk and the door of the room, put the trunk key in her pocket, and delivered the door key to the clerk in the office of the hotel, and that while she was out the room and the trunk were entered, without breaking the locks, and the jewels stolen. If these were the facts, the defendants were liable for the loss.

2. The main defense urged upon the trial was, that, if the plaintiff's jewelry was stolen, it was in consequence of her own negligence or default, and not that of the defendants. The defendants claimed that she was guilty of such negligence or default, in that, on the day that the loss is alleged to have occurred, she left her room and the hotel, leaving open both the room door and the trunk in which was the jewelry alleged to have been stolen. Two of the defendants' servants, chambermaids, testified, in substance, that they saw the plaintiff when she left her room on the occasion when the jewels are alleged to have been stolen, and that she left her room door open, that they called her attention to the fact and that it was unsafe so to leave it, but she hurried away saying that her father was waiting for her, leaving the door still open. One of these chambermaids testified that they both had pass-keys at the time, with which they could have locked the door to the plaintiff's room. The other testified that the pass-keys were in the linen room, a short distance away, on the same floor, and that they got them afterwards; and that she, about an hour and a half after the plaintiff left, while putting the plaintiff's room in order, saw that the trunk was open, and, after finishing her work in the room, she came out and

locked the door.  Thus from the defendants' own showing their servants, after discovering that the plaintiff had gone off without closing and locking the door to her room, and being at once impressed with the idea that it was unsafe for her to do so, allowed the door to remain open for an hour and a half, without making any effort whatever to lock it.  These servants were on the scene when the alleged negligence or default of the plaintiff occurred, and had they taken proper precautions to protect the room and its contents, no unauthorized person could have entered it, during the plaintiff's absence, in consequence of such alleged negligence or default on her part.  It did not appear when the jewelry was stolen, whether during the time that the room door was left open, or after it had been locked by the chambermaid; but the defense set up was that it occurred in consequence of the plaintiff having left the door open and the trunk unlocked.  Admitting the testimony of these chambermaids to be true, it was not sufficient to relieve the defendants from liability.  If the plaintiff went off, leaving the door of her room open, and the theft occurred before the chambermaid locked it, and in consequence of the door being left unlocked, then the defendants would be liable, because the exercise of extraordinary diligence on the part of their servants would have prevented the loss.  On the other hand, if the theft was committed after the door was locked by the chambermaid, then the loss was not in consequence of the alleged negligence or default of the plaintiff, and the defendants would, therefore, be liable.  The defendants' servants not only failed to exercise extraordinary diligence, but were guilty of gross negligence in not locking the door.  Where the relation of principal and agent exists, the negligence of the agent may be imputed to the principal.  Civil Code, § 2902.  Every servant in the transaction of his master's business represents the master himself, and his acts are, in contemplation of law, the acts of his master.  In general, an innkeeper at common law is responsible for the acts of his domestics and for thefts, and is bound to take all due care of the goods of his guests deposited in his hands, or intrusted to the care of his family or servants.  2 Kent's Com. 592.  Section 3029 of our Civil Code provides: "The principal is bound for the care, diligence, and fidelity of his agents in his business; and hence he is bound for the neglect and fraud of his agents in the transaction of such business."

For the purpose of caring for and attending to the plaintiff's room, these chambermaids were the agents of the defendants.

3. While, in our opinion, the evidence demanded a finding that the defendants were liable, we do not think there was sufficient proof of the market value of the property lost to authorize the verdict rendered by the jury. The measure of the plaintiff's recovery was the market value of the property at the time it was lost, to which interest could have been added and included in the total sum of damages allowed. In Cliquot's Champagne, 70 U. S. 114, the trial judge charged the jury as follows: "The market value of goods is the price at which the owner of the goods, or the producer, holds them for sale; the price at which they are freely offered in the market to all the world; such price as dealers in the goods are willing to receive, and purchasers are made to pay, when the goods are bought and sold in the ordinary course of trade. You will perceive, therefore, that the actual cost of the goods is not the standard." This charge was approved by the Supreme Court of the United States. The plaintiff in her petition set out a list of the jewels alleged to have been lost, with the value of each. The verdict was for the exact valuation of the jewels alleged in the petition. The only evidence as to the value of some of them was the price at which they had been purchased, and some of the most valuable of them had been purchased many years prior to the loss. While the cost of property may be considered, in connection with other facts, in determining its value, evidence of its cost, without more, is not sufficient proof of its market value. In arriving at the amount of their verdict, the jury was clearly controlled by the price paid for some of these jewels, and not by their market value at the time when the loss occurred, and although the evidence for the plaintiff showed that the value of a pair of bracelets at the time of the loss was ten per cent. less than the price paid for them, which was $1,600, the jury evidently estimated their value at the purchase-price. As the evidence failed to definitely show the market value of the property at the time the loss occurred, a new trial must be granted.

4. In view of what we have just said as to the indefinite character of the evidence as to the value of the property when lost, it was erroneous to charge the jury as follows: "This is a question of the value of property, like proving the value of a horse that may

be in dispute; and you are to be governed by the value of that property as produced upon the stand; whether right or wrong is no concern of yours; you find your verdict according to what is proven to be the value of the property." As we have seen, with reference to some of the jewels lost, the only value produced upon the stand was the valuation put upon them by the buyer and seller at the time of their purchase, and the jury, from the charge that they were "to be governed by the value of that property as produced upon the stand," which, "whether right or wrong, [was] no concern of" theirs, might have understood that they were compelled to find the value of these particular jewels in accordance with that valuation.

As, in any view of the case, the defendants are clearly and justly liable to the plaintiff for the market value of the property at the time of the loss, and the sole ground upon which a new trial is granted is that the evidence as to this market value is not sufficient to support the verdict rendered by the jury, a new trial is ordered upon this question alone, with direction that this shall be the only issue submitted to the jury, and that when the jury shall have found the market value of the property at the time of the loss, to which the jury may, if they see fit, add interest to the date of their finding, a judgment shall be entered in favor of the plaintiff against the defendants for the amount so found.

*Judgment reversed, with direction. All the Justices concurring, except Simmons, C. J., and Cobb, J., absent.*