20457. DICKENS et al. v. MAXEY, sheriff, for use, etc.

STEPHENS, J. 1. Prima facie the property described in a forthcoming bond given by the claimant is the property which the claimant received from the levying officer as a result of the bond. A claimant, after giving a forthcoming bond and taking possession of property levied on, can not, in the absence of fraud, accident or mistake or some equitable ground, be heard to deny that the property described in the bond, and which by the terms of the bond he agreed to produce at the time and place of the sale, did not come into his possession.

2. In a suit brought by the obligee, the levying officer, for the use of the plaintiff in execution, against the claimant and the surety upon a forthcoming bond, to recover for damage alleged to have been sustained by the plaintiff in execution upon the failure of the defendants to produce the property delivered to the claimant under the bond at the time and place of sale, where the only defense pleaded by the defendants was that all of the property levied upon was produced in compliance with the bond and tendered to the levying officer, and where the defendants conceded that the only issue was whether they had "complied with their bond by delivering the goods in the same condition, or in as good condition, as when levied on," and where the property described in the bond consisted, among other things, of two hundred pairs of shoes, and the property produced consisted of much less than this number of shoes, no issue was presented as to any fraud, accident, or mistake in the recital in the bond as to the number of shoes levied on, or as to any equitable ground which would permit the claimant to dispute the recital in the bond. The court therefore did not err in excluding testimony which tended to show that the defendant in execution, at the time of the

levy, had sold many shoes and did not have in his possession the number of shoes recited in the bond.

3. The value of property levied on as fixed by the levying officer and recited in a forthcoming bond given by a claimant is prima facie evidence of the value of the property as against the claimant, and, upon the trial of a suit brought against the claimant for a breach of the bond in failing to deliver the property at the time and place of sale, it was not error, prejudicial to the claimant, upon the ground that the evidence was hearsay, to permit witnesses to testify that when the levying officer at the time of the levy valued the property in the same amount as that fixed in the bond, some bystanders thought this valuation was too low, where there was evidence admitted to the effect that at the time of the levy the property was in fact worth more than the valuation placed upon it by the levying officer in the forthcoming bond, and the jury in its verdict found for the plaintiff in a stipulated amount which was exactly equivalent to the value of the property as fixed in the claimant's forthcoming bond, and the verdict provided that the plaintiff should recover in this amount less a stipulated amount which, in the opinion of two of the witnesses, represented the value of the property at the time and place of sale, and which must necessarily, in the opinion of the jury, have represented the value of the property when produced at the time and place of sale.

4. The obligor in the forthcoming bond commits a breach of the bond when he fails to deliver all the property at the time and place of sale, or delivers it in a damaged condition. The measure of the obligee's damage by reason of the obligor's breach of the bond in delivering the property, at the time and place of sale, in a damaged condition is the difference between the value of the property at the time the obligor received it under the bond and its value when produced at the time and place of sale, with interest thereon. *Grace* v. *Finleyson*, 10 *Ga. App.* 480 (73 S. E. 689), Civil Code (1910), § 6043. In order to establish the obligee's damage for such breach it is not necessary that the property actually produced, which is in a damaged condition, or is not all the property mentioned in the bond, be sold by the levying officer. Where the obligor delivers only a portion of the property at the time and place of sale, or delivers the property in a damaged condition, and the production and tender of the property is not accepted by the levying officer as being a compliance with the condition of the bond, the obligee's damage may be established upon proof of the value of the property at the time of its delivery to the obligor under the bond and its value when produced at the time and place of sale.

5. The ground of the amendment to the motion for a new trial excepting to an excerpt from the charge of the court not being approved by the trial judge, no question for consideration is presented.

6. Under the above rulings the court did not err as alleged in any of the grounds of the motion for a new trial. The evidence authorized the verdict found for the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 19, 1931.

*Wolver M. Smith, James W. Arnold,* for plaintiffs in error.
*Orrin Roberts, J. M. Roberts,* contra.