37825. STATE HIGHWAY DEPARTMENT *v.* IRVIN *et al.*

Decided November 5, 1959.

*Eugene Cook, Attorney-General, Paul Miller, Assistant Attorney-General, John R. Rogers,* for plaintiff in error.

*Reinhardt & Ireland, Bob Reinhardt, James H. Pate,* contra.

QUILLIAN, Judge. ■ It is an elementary rule that the State must pay for property taken for a public purpose. Art. I, Sec. III, Par. I, Constitution Code § 2-301. The amount of damages shall include not only the value of the property taken, but shall also compensate for the consequential damage to the remaining property not taken. These consequential damages result from the actions of the State in severing a portion from the body of the condemnee's land and in interfering with his use and enjoyment of the remaining property. *City of Atlanta v. Greene,* 67 *Ga.* 386. The consequential damage is damage that is specially suffered by the condemnee not suffered by the public in general. *Georgia Portland Cement &c. Co. v. Jackson,* 143 *Ga.* 84 (84 S. E. 461) ; *Austin v. Augusta Terminal Ry. Co.,* 108 *Ga.* 671 (34 S. E. 852, 47 L. R. A. 755). The fact that the State has cut off access to property hinders the condemnee's use and enjoyment of the property. The evidence showing the inconvenience to the landowner because of the added distance to travel not only to his adjoining neighbors, but to neighboring markets and towns, is not immaterial and irrelevant. It relates to the precise issue being tried, i.e., damage to the property, in that it tends to establish the landowner's right to recover damages resulting from his property being cut off from direct routes to certain places. This question was ruled on in *Central Georgia Power Co. v. Stone,* 139 *Ga.* 416 (1a) (77 S. E. 565), which stated: "Inaccessibility to market from the balance of a farm, resulting from condemning a part of it and flooding it with water, is a legitimate subject of consideration by a witness in estimating the decreased market value of the part not taken." The trial judge did not err in allowing the testimony.

Headnotes 2 and 3 do not require further elaboration.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*