### 38928. STATE HIGHWAY DEPARTMENT
### v. MORTON *et al.*

DECIDED JUNE 19, 1961—REHEARING DENIED JULY 5, 1961.

*Eugene Cook, Attorney-General, Carter Goode, E. J. Summerour, Assistant Attorneys-General, George L. Jackson,* for plaintiff in error.

*J. Pierce Anderson,* contra.

EBERHARDT, Judge. The evidence objected to was clearly admissible and there was no error in overruling the objections thereto. It will be seen that the condemnor was seeking to acquire all rights of every kind, including those of a licensee or permittee, and in such a proceeding the condemnee is entitled to prove every element of consequential damage that may be relevant. There was no evidence as to whether the "permit"

to install the water line was written or oral or as to what the terms thereof may have been. But it is obvious that the condemnee had, on the faith of the license or permit, expended money in laying and installing the water line. The license or permit, not otherwise terminated, was sought to be condemned in this proceeding. Consequently, the loss of the line, or the interruption of a water supply by reason thereof, is an element of consequential damage, and evidence thereof was properly admitted. *Code* § 85-1404.

The testimony that the interruption of the water supply would make it necessary to drill a well to replace it was enough to support the estimate of $3,000 in consequential damages. Moreover, this testimony was elicited on cross-examination by the condemnor.

The general grounds of the motion were expressly abandoned in the oral arguments before the court.

*Judgment affirmed. Carlisle, P. J., and Nichols, J., concur.*