### 41430. STATE HIGHWAY DEPARTMENT v. HOLLYWOOD BAPTIST CHURCH OF ROME.

858

Argued July 6, 1965—Decided December 17, 1965.

*Arthur K. Bolton, Attorney General, Richard L. Chambers, Assistant Attorney General, Horace E. Campbell, Jr., Deputy Assistant Attorney General, Robert G. Walther,* for plaintiff in error.

*Clower & Royal, Robert L. Royal,* contra.

Frankum, Judge. ■ The first special ground complains of the following portion of the charge: "While market value is the general yardstick in a condemnation proceeding, there may be circumstances in which market value and actual value are not the same, and, in such event, the jury may consider the actual value of the property therein appropriated in determining just and adequate compensation. In determining just and adequate compensation, under the constitutional provision, market value and actual value will ordinarily be synonymous. If they are not, that value which will give 'just and adequate compen-

sation' is the one to be sought by the jury in rendering its verdict." It is contended that this charge was erroneous because it was not authorized by the evidence, in that, there was no evidence which would have authorized the jury to find that "fair market value of the property condemned" would not afford to the condemnee just and adequate compensation, and that there was no evidence that the property had any value to the condemnee over and above its market value. The property involved was a 10-foot strip of land across the front of the condemnee's two city lots which were 50 feet and 65 feet wide respectively, plus 9 square feet across the rear corner of another lot, the total area condemned being .028 acres. Also condemned was a "slope easement" of 99 square feet.

The evidence shows that all of the property involved in this condemnation was at the time of the condemnation zoned commercial and residential, and that the church authorities had considered the acquisition of additional land at this location for future expansion, but, upon learning of the proposed highway construction, had acquired land a few blocks away to which the church, with the the exception of certain Sunday school and related activities, had already been moved when the condemnation proceeding was instituted. It thus appears that, insofar as relates to the question of value of the property actually taken, the property was no different from any other property zoned for residential or commercial use, and its market value for this purpose afforded the condemnee just and adequate compensation under the constitutional provision requiring that the condemnor pay just and adequate compensation before taking private property for public purposes. With respect to the consequential damages, the mere fact that a portion of the remaining property was used for church purposes would not alone authorize the charge submitting to the jury the question of whether some measure other than "fair market value" should be used as the yardstick in determining the diminution in value of the remaining property. This is so because it does not appear anywhere in the record that the property thus used was not in fact adaptable to any other use. Furthermore, it does not appear that the testimony of any witness who testified as to the value of the

property involved related to any value except market value, and it thus appears that the case was tried solely on the theory that market value was the yardstick by which the jury was to award damages for the taking of the condemnee's property. Under these circumstances the charge complained of in the first special ground was not authorized and probably resulted in the jury returning a larger verdict for the condemnee than they otherwise would have returned. This error requires the grant of a new trial.

■ In ground 2 of the motion for a new trial complaint is made because the court charged the jury that "mere inconvenience is not, in and of itself, an element of damages to be considered in condemnation cases, but inconveniences such as noise, smoke, dust and the like may be considered if shown by the evidence to adversely affect the value of the condemnee's remaining property." The charge was abstractly correct. *Austin v. Augusta Terminal R. Co.*, 108 Ga. 671 (34 SE 852, 47 LRA 755). It is contended, however, that this charge submitted to the jury an element of damage which the condemnee was not entitled to recover and that it was unauthorized because the evidence failed to show that the fair market value of condemnee's remaining property was adversely affected by the elements of noise, smoke and dust. This ground is meritorious and also requires a reversal of the judgment denying a new trial. The evidence with respect to noise, smoke and dust being created as a result of the improvement to be placed on the property adjacent to the condemnee's remaining property related merely to the creation of such noise, smoke and dust during the period of the construction of the improvement, and there was no evidence whatsoever introduced which in any way tended to show that noise, smoke and dust would be a permanent or continuous incident of the improvement after the construction of it was completed. In order for these factors to be considered as adversely affecting the market value of the remaining property, it must be shown, among other things, that such factors are a continuous and permanent incident of the improvement, and in the absence of such a showing this charge to the jury was error.

■ In special grounds 3 and 5 complaint is made because the court permitted counsel for the condemnee to elicit from a witness for the condemnor on cross examination over timely objection of the condemnor, testimony to the effect that there would be noise and dust and some interference with the use of the condemnee's building during the period of construction. In each of these grounds it is contended that evidence as to inconvenience suffered by the condemnee because of the condemnation proceeding was not admissible to show a separate and distinct element of damage, and that the admission of this evidence and the charge of the court submitted to the jury an element of damage which the condemnee was not entitled to recover. This evidence was not inadmissible for any of the reasons urged. Standing alone, it was insufficient to show any permanent diminution in the value of the condemnee's remaining property. However, a party cannot always prove his entire case in one sentence or even in one paragraph of testimony and should be afforded reasonable opportunity to connect up or to show the relevance of testimony. The record shows in this case that this evidence was not connected up so as to show that these factors in any way constituted a permanent diminution in the value of the condemnee's property. But the objection to it was not that it had not been shown how this factor would work to diminish the market value of the condemnee's property or that it had not been properly connected, nor was any subsequent motion made to rule it out on any of these grounds. Under these circumstances these grounds show no cause for reversal.

■ In ground 4 error is assigned because the court admitted evidence as to the location of the new church of the condemnee some three blocks away from the location of the property which was the subject matter of this condemnation proceeding. This evidence apparently was offered and admitted for the purpose of showing inconvenience to the condemnee occasioned by the condemnation and the consequent diminution in the value of condemnee's remaining property. The evidence shows that the condemnee had acquired the new location for the church after learning that the highway was to be built adjacent to their property, and that they had already begun to hold services in

the new building before any condemnation proceeding was begun. Under these circumstances evidence as to the location of the new church was wholly irrelevant to the issues in the case and should have been excluded.

The general grounds of the motion for a new trial are not argued or insisted upon and are, therefore, deemed abandoned.

*Judgment reversed.* *Bell, P. J., and Hall, J., concur.*