42245. GENERAL MOTORS ACCEPTANCE CORPORATION v. BEARDEN.

ARGUED SEPTEMBER 13, 1966—DECIDED SEPTEMBER 29, 1966.

*Joseph B. Duke, Cubbedge Snow,* for appellant.

*Eva L. Sloan,* for appellee.

DEEN, Judge.   There was direct testimony by the manager of appellant's company who was handling Bearden's disability claim that all disability claims cleared through him, that Bearden's claim had been rejected, and that the appellant had not been paid.   Bearden offered testimony that he had a conversation with an unidentified employee in GMAC's Macon office where he went to see whether a letter written by his doctor on January 2, 1964, had been received, that the man told him that everything had been received, everything had been taken care of, and that everything was all right.   Thereafter he said: "As I stated earlier, it was in February or March of '64 that I was in Macon and I went in there for that sole purpose.   To see if they had received this report and if the insurance claims were being filed properly," and that the company demanded no money from him at that time.   At another point in his testimony he was asked: "So when Mrs. Sloan wrote my son on November 30, 1963, in which she said that she was fixing to amend the suit against Prudential Insurance Company for the payments which had not been made, you knew that no payment had been made since you filed this suit on February 15, 1963, didn't you?" to which he replied in the affirmative.   Construing any ambiguities in the plaintiff's testimony against him, as we must (*Southern R. Co. v. Hobbs,* 121 Ga. 428 (1) (49 SE 294)), the plaintiff knew at the end of 1963 that the insurance company, which had previously denied the claim, had not changed its position and had made no payments.   He testified to nothing which would have caused him to think the position had been changed between then and March, 1964; he went in to the office to see whether the creditor had received and forwarded a letter from his doctor which was a part of his effort to get the insurer to change its position; he asked whether the letter had been received and was told that "everything" had been taken care of.   The "everything" logically refers to the preparation of the claim, not its payment.   "The creditor shall not be designated as claim representative for the

insurer in adjusting claims." *Code Ann.* § 56-3310 (3). Therefore, the defendant's testimony as to what an employee of GMAC told him does not constitute proof that the insurer had in fact paid the claim, and the burden of proving this fact was upon him. *Morrison v. Westbrook,* 41 Ga. App. 201 (1) (152 SE 585). There is no other evidence tending to establish that the claim had been paid. It is to be noted that neither side produced any witnesses connected with the Prudential Insurance Company, which was not a party, on the question of whether or not it had paid the claim, nor was any explanation made by either as to this omission. *Code* § 38-119 provides: "Where a party has evidence in his power and within his reach, by which he may repel a claim or charge against him, and omits to produce it, or, having more certain and satisfactory evidence in his power, relies on that which is of a weaker and inferior nature, a presumption arises that the charge or claim is not well founded; but this presumption may be rebutted." "Of course, in a case in which either party might have produced the witness, it would depend upon attendant facts and circumstances whether any inference prejudicial to either party would be raised by the failure on the part of one party rather than the other to procure the testimony of the absent witness." *Southern R. Co. v. Acree,* 9 Ga. App. 104 (1) (70 SE 352). The most that can be said in these circumstances is that the plaintiff was obviously relying on the testimony of its own employee that no payments had been received by it. Indubitably, the burden of proving payment was on the defendant, and, had he thought the testimony of agents of the insurer would tend to prove the claim had been paid it was incumbent on him to produce such testimony or account for its absence.

The trial court erred in overruling the motion for judgment notwithstanding the verdict.

*Judgment reversed. Nichols, P. J., and Hall, J., concur.*