## 45314. BEARDEN et al. v. GENERAL MOTORS ACCEPTANCE CORPORATION.

HALL, Presiding Judge. Defendant bondsman appeals from the judgment in a suit on a forthcoming bond for the difference between the value of the property at the time of the bond and its value when turned over to the sheriff for sale. For a previous appeal in this case see *General Motors Acceptance Corp. v. Bearden,* 114 Ga. App. 392 (151 SE2d 517).

1. *Code* § 39-304 allows recovery on a forthcoming bond for the diminished value of property which has been levied upon but retained and used prior to judicial sale. The value of the property is fixed by the levying officer in order to set the amount of the forthcoming bond. This amount is prima facie evidence of the value of the property as against the claimant. *Dickens v.*

*Maxey,* 42 Ga. App. 783 (3) (157 SE 368). Here the sheriff set the value of the automobile in question at $1,600 and apparently neither defendant nor the debtor made any objection. The sheriff also testified that, in his opinion, the automobile was well worth this amount at the time the bond was given (1964). Defendant introduced no evidence disputing that the automobile had a value of $1,600 at that time. The car was sold by public outcry two and one-half years later for $285, the highest bid. Defendant did produce testimony from the mechanic who had regularly serviced the car that it was worth just as much when sold as when the bond was given. However, the debtor, the defendant and their lawyer were all present at the sale and made neither an objection to its conduct nor any attempt to bid up the price. Evidence of what the property brought at the sheriff's sale is admissible on the question of its value. *May v. Leverette,* 164 Ga. 552 (11) (139 SE 31). The jury was authorized to find that the value of the automobile at the time of sale was the amount it actually brought upon sale, $285; that its value had diminished during the course of the bond by $1,315; and to render a verdict for that amount.

2. Defendant contends the court erred in charging that the value of the property as set by the bond is prima facie evidence of the value of the property as against the defendant and that there is a presumption the sheriff performed his duty in setting the valuation, without also charging that the prima facie evidence and the presumption are rebuttable. Assuming without deciding that these omissions were error, they were harmless since defendant did not, in fact, introduce any rebuttal evidence on these points.

3. The court did not err in denying defendant's motion to dismiss the complaint nor in allowing it to be amended over defendant's objection. *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (163 SE2d 327); *Code Ann.* § 81A-115(a).

*Judgment affirmed. Bell, C. J., Jordan, P. J., Eberhardt, Pannell, Deen, Quillian and Whitman, JJ., concur. Evans, J., dissents.*

ARGUED MAY 6, 1970—DECIDED JUNE 23, 1970—REHEARING DENIED JULY 10, 1970—

*Eva L. Sloan,* for appellants.

*Martin, Snow, Grant & Napier, Joseph B. Duke, Cubbedge Snow, Charles M. Stapleton,* for appellee.

EVANS, Judge, dissenting. I dissent from the majority opinion and the judgment of affirmance. This is a suit for the breach of a replevy bond where the conditions of the bond were that "should said property be forthcoming when called for by the levying officer, then this bond to be void; otherwise of full force and effect." The claim is for the reduced value of the property due to deterioration during the time the property was in the hands of the principal, that is, after the bond was given and until it was finally turned over to the levying officer. The principal is now deceased. The case proceeded against the defendant-security, who denied a breach of the bond, but claims the property was turned over to the levying officer for sale. He submitted expert testimony as to the value of the auto as being the same as when the bond was given and that it was in as good a condition, if not better, when turned over to the levying officer for forced sale. The only evidence submitted by the plaintiff as to the value of the automobile at the sheriff's sale was its sale price. This evidence is insufficient to prove its market value. The general rule is that the selling price of an article, though relevant upon the question, is not, when standing alone, sufficient to establish its market value. See *Watson v. Loughran,* 112 Ga. 837 (3) (38 SE 82); *Lott v. Banks,* 21 Ga. App. 246 (4) (94 SE 322); *Allen v. Harris,* 113 Ga. 107 (4) (38 SE 322); *Southern R. Co. v. Williams,* 113 Ga. 335 (1) (38 SE 744); *Collins & Glennville R. Co. v. Beasley,* 36 Ga. App. 241, 243 (136 SE 167). Certainly, the sale price of the property at the forced sale here could not establish its value so as to show a reduction in the value of the property turned over to the levying officer. "The Georgia courts recognize sales to purchasers with the power of eminent domain as forced sales and exclude evidence of the prices for such sales in condemnation proceedings. *Georgia Power Co. v. Brooks,* 207 Ga. 406, 410 (62 SE2d 183); *Garden Parks, Inc. v. Fulton County,* 88 Ga. App. 97 (76 SE2d 31); *State Hwy. Dept. v. Irvin,* 100 Ga. App. 624 (122 SE2d 216)." *Sumner v. State Hwy. Dept.,* 110 Ga. App. 646 (2) (139 SE2d 493). In *Ga. Power Co. v. Brooks,* 207 Ga. 406, 410, supra, the Supreme Court held that

the general rule must apply to valuations in condemnation cases since "in such transactions neither party is necessarily free from compulsion—the necessity to acquire as to the one party and the positive necessity to give up on the part of the other." The case of *May v. Leverette,* 164 Ga. 552 (11) (139 SE 31), cited in the majority opinion, holds the sale price at a sheriff's sale is admissible on the question of its value. *But without more, it fails to prove value.* Not only was the case sub judice an involuntary forced sale, but the only evidence in the case, other than defendant's, is the actual forced sale price. It fails to prove the diminished value of the property for which the forthcoming bond was given, there being no evidence of deterioration of value. The deputy sheriff testified as a witness for plaintiff but it was clearly shown on cross examination that he had no knowledge as to the value of the car at time of the sale. He testified: "Q. So actually, in your estimation you don't know what the car was actually valued, I mean what it was actually worth the day of the sale do you? A. No, ma'm." The verdict and judgment is without evidence to support it. See *Code* § 39-304; *Dickens v. Maxey,* 42 Ga. App. 783 (3) (157 SE 368). I would reverse the judgment.