60425. VALLEY VIEW CHURCH OF GOD IN CHRIST, INC. v. ATLANTA HOUSING AUTHORITY.

BIRDSONG, Judge.

The appellant, Valley View Church of God in Christ, filed an action against the Atlanta Housing Authority alleging, among other injuries, that the Housing Authority had damaged the church by condemning surrounding land and thereby "cutting off 90% of the access to the church property leaving the property subject to vandals." The Housing Authority answered, denying all of the material allegations of the complaint and asserting that it was not itself but the City of Atlanta who condemned the property surrounding the plaintiff's property. The defendant filed a motion for summary judgment; the accompanying affidavit by the director of redevelopment of the Housing Authority stated only that the Housing Authority is in the process of acquiring property in Plunkettown (where the plaintiff's property is situated); that plaintiff's church is located in Clayton County which is not included in the Plunkettown Urban Redevelopment Plan for acquisition, and that the Housing Authority had no plans to acquire any of plaintiff's property. The affidavit further stated that no agent, employee, or representative of the Housing Authority had entered onto property of the plaintiff.

The plaintiff amended its complaint to aver that the defendant had changed the physical layout of all the surrounding land to make it "all but impossible" to reach the plaintiff's land, and that the defendant had cut off ingress and egress of motor vehicles to the plaintiff's land. By an affidavit in response to the Housing

Authority's motion for summary judgment, the church pastor averred that the church is the owner of a church building and lot of land in the Plunkettown area where the Housing Authority is taking many buildings and assembling a commercial tract; that the Housing Authority had condemned all of the houses and buildings in the immediate area, and by so doing had "virtually taken" the church's property; that taking all of the surrounding property and leaving the church building to stand out like a sore thumb had caused the building to be open and exposed to vandals who have destroyed the building and, finally, that the Housing Authority "has destroyed most of the streets in the area making it almost impossible to reach the church building except by foot which amounts to a physical taking."

The trial court granted summary judgment to the Housing Authority and Valley View Church appeals. *Held:*

Out of a profuse variety of claims, the appellant Valley View Church manages to present at least one cause of action as to which there remain issues of fact. It is settled in this state that where a plaintiff shows special injury to his property by the condemnation of other property or by other means, which injury is different in kind from the inconvenience suffered by the public or neighborhood generally, then the plaintiff may be entitled to remuneration for his damages. *Ward v. Georgia Terminal Co.,* 143 Ga. 80, 82-85 (84 SE 374); *Patten v. Mauldin,* 219 Ga. 211 (132 SE2d 664); *Tift County v. Smith,* 219 Ga. 68 (131 SE2d 527). The special injury must be such as the general public does not share, and such as substantially and, materially interferes with the owner's access to or use of the property. *Dougherty County v. Snelling,* 132 Ga. App. 540, 543 (208 SE2d 362). This was called the "cul-de-sac principle" in *Tift County,* supra, because such cases generally involve property which has been effec-tively cut off from free access, or where the obstruction is so close to the property that it materially interferes with the owner's access. *Tift County,* supra, p. 70; and cases cited.

The plaintiff here alleges that in condemning the surrounding property, the defendant has virtually taken the church property and that by destroying most of the streets in the area the defendant has made it almost impossible to reach the church except by foot. We cannot say whether the evidence in the case will rise to the standards of showing special compensable injury as set forth in cases like those we have cited here, but the defendant has made no showing that it will not and has not in any way refuted what the plaintiff has plead. The Housing Authority has answered only that it was not itself but the City of Atlanta which condemned the property surrounding the plaintiff's church, but the plaintiff insists otherwise and the issue is

unresolved. The defendant has shown that it has acquired property in Plunkettown, the area where plaintiff's property is located. Defendant further shows only that it has not condemned plaintiff's property and has no plans to do so, but this does not answer the charge that in condemning other property, the defendant has specially injured the plaintiff's property. It was therefore error to grant summary judgment to the defendant while issues of fact remain in the case upon which the plaintiff may be entitled to a recovery.

*Judgment reversed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 7, 1981.

*Preston L. Holland,* for appellant.
*Lenwood A. Jackson,* for appellee.