## 44304. HILLMAN v. DEPARTMENT OF TRANSPORTATION.
### (359 SE2d 637)

CLARKE, Presiding Justice.

This is a condemnation case in which we granted the condemnee's application to appeal an interlocutory order denying his motion in limine. The issue is whether the condemnee can present evidence to show that the condemnation of a temporary construction easement caused consequential damages. The trial court followed the cases of the appellate courts in Georgia and held that the condemnee could not show diminution in the market or rental value of the remainder property on the date of taking.

The condemnee, Mr. Hillman, contends that the rule disallowing consequential damages in cases of temporary construction easements violates the constitutional prohibitions of Art. I, Sec. III, Par. I of the Georgia Constitution: "Except as otherwise provided in this Paragraph, private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid."

The Department of Transportation (DOT) filed condemnations of easements for temporary construction on land owned by John Hillman which is in front of Hillman's barber shop. The construction easements were taken by the DOT for a thirteen-month period for road work on Pio Nono Avenue in Macon, Georgia. The value of the easements as of the day of the taking, May 23, 1985 was estimated by the DOT at $50, and that amount was paid into court.

Hillman filed a motion in limine for a ruling on whether he would be allowed to introduce evidence at trial that the value of the remaining land not taken was diminished by the taking of the easements and the effect of using the temporary easement for its intended use, i.e., road construction. The trial court ruled any evidence of damage to the remaining inadmissible based on holdings of *Fountain v. DeKalb County*, 154 Ga. App. 302 (267 SE2d 903) (1980) and other cases which rely on the language from *State Hwy. Dept. v. Hollywood &c. Church*, 112 Ga. App. 857 (146 SE2d 570) (1965) that in showing consequential damages from construction "it must be shown, among other things, that such factors are a continuous and permanent incident of the improvement," *Hollywood &c. Church*, supra at 860. This has evolved into what the parties in this case refer to as the "temporary inconvenience rule" which the appellee contends prevents recovering consequential damages in cases of temporary partial takings. The appellant contends that such a rule violates the constitutional provision that property "not be taken *or damaged* for public purposes without just and adequate compensation being first paid." (Emphasis supplied.) While we find no constitutional problems with the basic precept of condemnation law that damages for temporary inconvenience from the construction process are not generally recoverable, see

23 ALR4th 674, §4, we find that the state constitution requires a more narrow construction of the rule than that urged by the DOT.

The DOT relies on *Hollywood &c. Church,* supra and its progeny in arguing that no consequential damages are recoverable in Georgia in cases of temporary easements. *Hollywood* involved a permanent taking of a portion of church land for highway purposes and not, as here, a temporary taking. The court held that there was no evidence introduced to support a charge on damages to the remaining property of the condemnee, because "the evidence failed to show that the fair market value of condemnee's remaining property was adversely affected by the elements of noise, smoke and dust." Id. at 860. The evidence was that any dust, noise, etc. was that caused by the construction of the improvement, and the court held that before these elements could be considered as affecting the fair market value of the remaining land, "it must be shown, among other things, that such factors are a continuous and permanent incident of the improvement." 112 Ga. App. at 860.

The "temporary inconvenience rule" was restated in the case of *Dept. of Transp. v. Dent,* 142 Ga. App. 94 (235 SE2d 610) (1977). "Damages caused by mere temporary inconvenience due to the construction of the project for which the property was taken is not a proper element for consideration in determining just and adequate compensation for condemned realty." *Dent* at 94. *Dent* also involved a permanent taking of a portion of land which raised the issue of damage to the remainder of the parcel. The holding of *Hollywood,* was also cited with approval by this court in *MARTA v. Datry,* 235 Ga. 568 (220 SE2d 905) (1975), holding that temporary inconveniences caused by properly performed construction is not recoverable in a condemnation action. In *Theo v. Dept. of Transp.,* 160 Ga. App. 518 (287 SE2d 333) (1981), the court held that photographs of the roadway in front of a shopping center during the construction process were properly excluded from evidence because they only showed the inconvenience due to construction and were not relevant to the condemnee's attempt to show diminution of value to the remaining land due to a destruction of access which was shown by photographs of the roadway after construction.

It does not follow, as contended by the DOT, that any consequential damage in condemnation must be permanent in order to be compensable. We find that the only proper distinction to be made in cases of temporary takings is the same requirement in force for permanent takings. That is that the consequential damages must be special to the condemnee and not be those suffered by the public in general.

This court has interpreted the Georgia Constitution to mean that the condemnee is entitled to damages proximately caused by a con-

demnation action in addition to recovery of the fair market value of the property taken. *Bowers v. Fulton County*, 221 Ga. 731 (146 SE2d 884) (1966). In taking property the state must not only pay the value of the property taken, "but shall also compensate for the consequential damage to the remaining property not taken. . . .The consequential damage is damage that is specially suffered by the condemnee not suffered by the public in general." *State Hwy. Dept. v. Irvin*, 100 Ga. App. 624 (112 SE2d 216) (1959). Inconvenience suffered by the public in general, even if suffered to a greater degree by some members of the public, does not amount to a taking under the constitution. *Tift County v. Smith*, 219 Ga. 68 (131 SE2d 527) (1963).

Construction projects create noise, dust and obstructions to everyone in their vicinity or to those who must pass through their vicinity and may temporarily make some accesses less convenient. The temporary inconvenience rule dictates that there be no recovery for these inconveniences of the construction process. Inconveniences arising from the construction process itself must be distinguished from other damages to a person's land when a portion of his land is taken for public use.

While the condemnee is not permitted to recover for the inconveniences of the construction process, the constitution requires that damages, including consequential damages, be paid. The constitution does not distinguish between permanent and temporary damage. The condemnee is entitled to be compensated for the land taken for a temporary easement and the fact that the property taken is an easement and is held by the public only temporarily does not authorize the condemning body to impose special damages which diminish the value of the land not taken. If the taking of a temporary easement can be shown by competent evidence to have diminished the fair market value of the land not taken, the owner is entitled to just and adequate compensation.

If the condemnee, Mr. Hillman, can show that the taking of a portion of his property for thirteen months for a construction easement caused some special damage to his remaining property, other than the general inconvenience, noise, dust and obstruction of the construction process, then Art. I, Sec. III, Par. I requires that the state pay for any diminished value of the remainder. See *Dept. of Transp. v. Whitehead*, 253 Ga. 150 (317 SE2d 542) (1984). Accordingly, the order of the trial court must be reversed.

*Judgment reversed. All the Justices concur.*

WELTNER, Justice, concurring.

I write only to invite attention to the concurring opinion in *Dept. of Transp. v. Gunnels*, 255 Ga. 495, 497 (340 SE2d 12) (1986), which bears directly upon the problems treated in the present case. Division

5 (id. 499) suggests, in part, as follows: "We do not need to trouble juries with discussions of the value of the property taken, or a weighing of 'consequential benefits' and 'consequential damages,' or questions of 'whole lots' and 'severance' and other terms which serve to generate uncertainty.

"Just and adequate compensation means that the owner must be made whole, to whatever extent *he* has been damaged by virtue of the taking. (In this discussion, we make a mistake to speak of 'damage to property.' Real property, itself, is not damaged; only the *value* of the owner's interest in real property is damaged.)

"In each instance, the task of the trior of fact is the same: it must determine the value of the condemnee's interest before the taking; and it must determine the value of such interest, if any, as shall remain after the taking. If the value is less afterward than it was before, then that difference must be awarded to the condemnee as just and adequate compensation. If value is the same or greater, then the condemnee's entitlement is but nominal damages."

DECIDED SEPTEMBER 8, 1987.

*Reynolds & McArthur, Charles M. Cork III,* for appellant.
*Sell & Melton, Carl E. Lancaster, Jr.,* for appellee.