A92A0348. McCONNELL DRUM SERVICE, INC. et al. v.
DeKALB COUNTY et al.
(421 SE2d 749)

POPE, Judge.
Plaintiffs/appellees DeKalb County and Metropolitan Atlanta Rapid Transit Authority ("MARTA") brought a condemnation action against defendants/appellants McConnell Drum Service, Inc. and Mary McConnell regarding certain commercial property in Doraville

owned by Mrs. McConnell on which she operated the incorporated business. The condemnation proceeding sought an aerial easement over a narrow strip of the property over which MARTA had plans to build an elevated rapid rail track. Defendants answered and filed a counterclaim alleging inverse condemnation on the ground that a certain building permit requested by defendants had been denied due to MARTA's original plans for condemnation of a portion of defendant's property for the building of a grade level rail line, which plans were later abandoned, and on the ground that plaintiff's actions had denied defendants the full enjoyment of the property. The claim for denial of full enjoyment of property rights arose out of the fact that the construction of the elevated track at the rear of defendants' property, as well as the property of the adjoining landowner, effectively cut off defendants' access to railroad lines adjacent to the property and precluded defendants from constructing a spur track onto their property.

The trial court granted plaintiffs' motion to dismiss that portion of the counterclaim alleging pre-condemnation damages for denial of the building permit. The trial court also granted plaintiffs' motion in limine to exclude evidence of the alleged damage to defendants' property interests by the loss of access to the railroad lines and the possibility of building a spur track to the property. The parties stipulated to compensation in the amount of $5,000 for the aerial easement but defendants objected to the trial court's refusal to permit evidence to be presented to the jury on their claim for the loss of access to the spur track. Defendants were permitted to proffer evidence regarding the claim, but judgment was entered granting only $5,000 in compensation for the aerial easement. On appeal, defendants argue the trial court erred in granting the motion in limine and refusing to permit defendants from presenting evidence of damages from the loss of access to the adjoining railroad line.

We reject defendants' argument that access to an adjoining railroad line is a property right and thus the loss of that access amounted to a taking of property. In *City of Atlanta v. Dinkins*, 46 Ga. App. 19, 26 (166 SE 429) (1932), this court ruled that a condemnee may be entitled to an award of condemnation damages for loss of access to an existing spur track. In this case, however, there was no taking of either a pre-existing spur track or an easement for the building of a spur track. Thus, *Dinkins* is distinguishable because in this case no existing right of access was taken. Other cases cited by defendants in support of their argument are cases which involve the taking of an easement of access to a public street. Those cases are also distinguishable because it has long been recognized that an easement of access to an abutting public street is a property right which cannot be taken without compensation. See, e.g., *Department of Transp. v. White-head*, 169 Ga. App. 226 (1) (312 SE2d 344) (1983), aff'd, 253 Ga. 150

(317 SE2d 542) (1984); *State Hwy. Dept. v. Irvin*, 100 Ga. App. 624 (112 SE2d 216) (1959). Railroads, however, are private byways, accessible by contract but not as a matter of right. Thus, the aerial easement for the building of the elevated MARTA line did not take any property right of access to the railroad line.

We cannot say, however, that defendants are precluded from recovering alleged consequential damages for loss of access to the railroad line adjacent to defendants' property. Even though no property right was taken because no right of access existed at the time of the taking, defendants may be able to show that the property will be rendered less valuable because it will no longer be accessible to the railroad line. See *Mack v. Board of Comm'rs*, 381 P2d 987 (Colo. 1963).

If the alleged consequential damages arise out of the aerial easement above defendants' property, then the damages would properly be at issue in this condemnation action. Plaintiffs argue, however, that the alleged consequential damages do not arise out of the aerial easement at issue in the condemnation action and therefore must be brought in a separate inverse condemnation action. See *Fountain v. DeKalb County*, 154 Ga. App. 302 (1) (267 SE2d 903) (1980); *Department of Transp. v. Simon*, 151 Ga. App. 807, 810-811 (261 SE2d 710), aff'd, 245 Ga. 478 (265 SE2d 777) (1980). In fact, such a separate action for inverse condemnation has been brought by the defendants and, at the time judgment was rendered in this condemnation case, the action was still pending in the trial court, alleging not only consequential damages for loss of access to the adjoining railroad line but also pre-condemnation damages for the denial of the building permit, which were dismissed earlier from this action. Plaintiffs' argument is based on the fact that the spur track defendants had planned to build required an easement from the adjoining landowner so the spur could be built partially across the adjoining landowner's property. The reason the planned spur track may not now be built is not due to the low clearance of the aerial easement over defendants' property but the clearance and footings built on the adjoining landowner's property. We agree that the loss of access to the planned spur track by use of an easement across the adjoining landowner's property does not arise out of the condemnation at issue in this case and must be pursued in the separate pending action. But the fact remains that direct access to the railroad line which runs directly adjacent to defendants' property has been cut off by the low-clearance aerial easement obtained by the plaintiffs.[1] Thus, the alleged consequential damage to the

---

[1] The record shows defendants originally planned to construct a building at the rear of their property immediately adjacent to the railroad line so it could be serviced by that line. It was for this proposed building that defendants were denied a building permit due to MARTA's proposed plan to condemn a strip of land at the rear of defendants' property for a

value of the property from the loss of access to the railroad line is an element of damages which is properly at issue in this condemnation action. The trial court erred in refusing to permit defendants to present evidence of this claim.

*Judgment reversed. Johnson, J., concurs. Carley, P. J., concurs in judgment only.*

DECIDED JULY 9, 1992 —
RECONSIDERATION DENIED JULY 30, 1992 — 

*Wendell K. Willard*, for appellants.
*Johnson & Montgomery, Albert S. Johnson, Pursley, Howell, Lowery & Meeks, Charles N. Pursley, Jr., Jo L. Meeks*, for appellees.

---

grade level rapid rail line. Because the permit was denied and defendants were led to believe the rear of their lot was to be condemned, defendants constructed a building in another location on the property. In order to service this building with a spur track, it was necessary to obtain an easement from the adjoining landowner so the spur could traverse a corner of the adjoining lot to reach the building. The record indicates the adjoining landowner was willing to grant such an easement but, alas, the spur track could not be built because of MARTA's condemnation and easement across that property. Thus, defendants presented evidence that plaintiffs' actions resulted in defendants' loss of access to the railroad line both directly from their own property and indirectly via an easement from their neighboring landowner.