40686. DEPARTMENT OF TRANSPORTATION
v. WHITEHEAD.
(317 SE2d 542)

BELL, Justice.

Cecil Whitehead owns property on the corner of 19th and Peachtree/West Peachtree Streets in Atlanta; he maintains vehicular access to this lot by a driveway and parking lot off of 19th Street, which runs

east to Peachtree Street and west to Spring Street. Whitehead did not use the West Peachtree/Peachtree frontage for vehicular access. On February 3, 1981, the Department of Transportation (DOT) initiated proceedings to condemn the entire Peachtree/West Peachtree frontage of Whitehead's property as part of its project to convert this section of West Peachtree/Peachtree into an entrance ramp to a limited access highway, the Buford Highway Connector. When the DOT completes the project, 19th Street at Peachtree will be closed, thereby preventing Whitehead's indirect access onto Peachtree Street via 19th Street, and West Peachtree and Spring Streets will be converted into one-way streets. Spring Street will then be the only route out of the property from 19th Street. These changes will not alter Whitehead's direct access onto 19th Street or his pedestrian access to Peachtree Street, but he will lose the right to place a driveway in front of his property on Peachtree/West Peachtree Street.

Whitehead sought consequential damages for the diminution in value to his remaining property due to the loss of access onto Peachtree/West Peachtree, and he contended that in determining damages the jury should consider the inconvenient and circuitous travel necessitated by the loss of access to Peachtree/West Peachtree Street. The trial court admitted evidence on inconvenience and circuitousness of travel and charged that Whitehead could recover damages for interference with access to his remaining property. The jury awarded $55,400 as the value of the property taken and $67,000 as consequential damages to the remaining property. The Court of Appeals affirmed, *Dept. of Transp. v. Whitehead*, 169 Ga. App. 226 (312 SE2d 344) (1983), and this court granted certiorari to determine "whether there exists a conflict between this case, which follows *State Hwy. Dept. v. Irvin*, 100 Ga. App. 624, 626 (112 SE2d 216) (1959), and *Dept. of Transp. v. Katz*, 169 Ga. App. 310 (312 SE2d 635) (1983), which follows *State Hwy. Dept. v. Cantrell*, 119 Ga. App. 241, 243 (166 SE2d 604) (1969), on the question of whether damages for inconvenience and circuity of travel are compensable where one of the condemnee's means of access to his property is cut off but other means of access remain."

1). We affirm both the trial court's decision in this case to admit evidence on inconvenience of travel and the Court of Appeals' affirmance thereof, and hold that Whitehead could recover damages, to the extent proved, resulting from the inconvenience of travel created by the elimination of his access to Peachtree/West Peachtree Street. We base our decision on the principle that "[t]he right of access, or easement of access, to a public road is a property right which arises from the ownership of land contiguous to a public road, and the landowner cannot be deprived of this right without just and adequate compensation being first paid. [Cits.] The easement consists of the right of

egress from and ingress to the abutting public road and from there to the system of public roads. [Cit.]" *MARTA v. Datry*, 235 Ga. 568, 575 (220 SE2d 905) (1975). Accord *Dougherty County v. Hornsby*, 213 Ga. 114, 116 (97 SE2d 300) (1957); *State Hwy. Board v. Baxter*, 167 Ga. 124 (2) (144 SE 796) (1928). Since the easement is a property right, compensation for interference with the easement does not depend on the property owner's actual use of it at that time. Thus, the DOT deprived Whitehead of his easement of access onto the abutting Peachtree/West Peachtree Street, and must compensate him for the taking, irrespective of Whitehead's easement of access onto the abutting 19th Street. See *Felton v. State Hwy. Board*, 47 Ga. App. 615 (1) (a) (171 SE 198) (1933); Dept. of Public Works v. Wilson & Co., 340 NE2d 12 (6,7) (Ill. 1976); Thomas, *Legal Implications of Control of Access to Uncontrolled Access Highways*, in Vol. 2, Selected Studies in Highway Law, 936-N21, 936-N55 (1976). However, the jury should consider whether the owner has any alternative access, such as 19th Street in the instant case, when it determines the amount of damages, if any, to the owner due to the deprivation of one means of access to his property. See Dept. of Public Works v. Wilson & Co., supra, 340 NE2d at 18; Thomas, supra, at 936-N55.

2). When a property owner's easement of access to a public road is interfered with, the measure of consequential damages is "any diminution in the market value of the property by reason of such interference." *MARTA v. Datry*, supra, 235 Ga. at 577. Accord *Wright v. MARTA*, 248 Ga. 372, 375-376 (283 SE2d 466) (1981). In determining the market value of land, due consideration should be given to "all the elements reasonably affecting value." *Wright v. MARTA*, supra, 248 Ga. at 375. Moreover, consequential damage is damage specially suffered by the condemnee and not by the public in general, and includes damage resulting from interference with the owner's use and enjoyment of the land remaining after the taking. *State Hwy. Dept. v. Irvin*, 100 Ga. App. 624 (1) (112 SE2d 216) (1959).

Based on these principles, the DOT was required to compensate Whitehead for his deprivation of access in a manner which took cognizance of the inconvenience and circuity of travel created thereby in reaching his remaining property. First, any such inconvenience is clearly a consideration affecting the value of Whitehead's remaining property. *Wright v. MARTA*, supra, 248 Ga. at 375; *Dept. of Transp. v. Delta Machine Products Co.*, 157 Ga. App. 423 (1) (278 SE2d 73) (1981). Second, because Whitehead's damage resulting from any such inconvenience is based upon the elimination of his easement of access, his damage is special and not the same as that suffered by the public in general. *State Hwy. Dept. v. Irvin*, supra, 100 Ga. App. at 626. As to the second point, it is important to note that Whitehead is not claiming damage because of the changing of Spring and West Peach-

tree Streets to one-way streets or because of the closing of the intersection at 19th and Peachtree Streets, which are changes suffered by the general public. Instead, evidence of these changes was the framework of the evidence of the inconvenience "to those attempting to use the remaining property *resulting from the proposed construction.*" (Emphasis supplied.) *Dept. of Transp. v. Whitehead,* supra, 169 Ga. App. at 227.

Neither our decision nor the Court of Appeals' decision in the present case conflict with the Court of Appeals' decisions in *Dept. of Transp. v. Katz,* supra, 169 Ga. App. 310, or *State Hwy. Dept. v. Cantrell,* supra, 119 Ga. App. 241 or with this court's decision in *Tift County v. Smith,* 219 Ga. 68 (131 SE2d 527) (1963). In neither *Katz, Cantrell,* nor *Smith,* did the condemnees suffer a taking of an easement of access, and the damage the condemnees sought to recover for inconvenience and circuity of travel was thus not a damage special to them. *Dept. of Transp. v. Katz,* supra, 169 Ga. App. at 312; *State Hwy. Dept. v. Cantrell,* supra, 119 Ga. App. at 243-244; *Tift County v. Smith,* supra, 219 Ga. at 72.

In *Katz* the Court of Appeals stressed that since the DOT did not disturb the direct vehicular access existing from Katz's land to the abutting street, the DOT did not have to compensate the property owner for any damage which resulted from DOT's changing the traffic pattern from two-way to one-way traffic. *Dept. of Transp. v. Katz,* supra, 169 Ga. App. at 312. " ' "[I]f his access is not so terminated or obstructed, if he has the same access to the highway as he did before the closing, his damage is not special, but is of the same kind, although it may be greater in degree, as that of the general public, and he has lost no property right for which he is entitled to compensation." [Cits.]' *Horton v. City of Atlanta,* 116 Ga. App. 350, 351, (157 SE2d 501) (1917)." *Dept. of Transp. v. Katz,* supra, 169 Ga. App. at 312.

For the above reasons, we find that Whitehead was entitled to present evidence of inconvenience of travel and to recover any damages arising therefrom, and that no conflict exists between the result in the present case and that in *Dept. of Transp. v. Katz,* supra, 169 Ga. App. 310.

*Judgment affirmed. All the Justices concur, except Marshall, P. J., who dissents.*

DECIDED JULY 6, 1984.

*Michael J. Bowers, Attorney General, Beryl H. Weiner, J. Matthew Dwyer, Jr., Special Assistant Attorneys General,* for appellant.
*Cashin & Davis, Harry L. Cashin, Jr., Frank L. Wilson III,* for

appellee.
*Frank Love, Jr.,* amicus curiae.