43647. METROPOLITAN ATLANTA RAPID TRANSIT
AUTHORITY v. FOUNTAIN et al.
(352 SE2d 781)

</div>

HUNT, Justice.

In this inverse condemnation case, the jury found in favor of the Metropolitan Atlanta Rapid Transit Authority (MARTA) on Fountain's claim that MARTA had interfered with his right of ingress and egress by changing the traffic pattern of East Lake Drive past his service station. The Court of Appeals reversed, holding that the trial court should have directed a verdict for Fountain as to MARTA's liability for the condemnation and should have confined the jury issue to a consideration of money damages. *Fountain v. MARTA,* 179 Ga. App. 318 (346 SE2d 363) (1986). We granted certiorari to decide "whether Fountain suffered a compensable taking of a property right as a result of the MARTA project in this case." We reverse.

The controlling facts are not in dispute. Fountain owns a service station at the corner of East Lake Drive and West Howard Avenue in DeKalb County. As a result of MARTA construction, East Lake Drive was rerouted and passes underneath West Howard with an exit ramp

up to West Howard. The old East Lake Drive is now a dead-end road terminating about 150 feet beyond Fountain's property. None of his former access to either West Howard or East Lake Road has been changed or interfered with, but the traffic flow past his station has clearly been changed.

In *Tift County v. Smith*, 219 Ga. 68 (131 SE2d 527) (1963), we addressed a situation nearly identical to that presented here. There our court quoted with approval the following rule developed by the Supreme Court of Iowa:[1] " '. . . one whose right of access from his property to an abutting highway is cut off or substantially interfered with . . . has a special property [right] which entitles him to damages. But if his access is not so terminated or obstructed, if he has the same access to the highway as he did before the closing, his damage is not special, but is of the same kind, although it may be greater in degree, as that of the general public, and he has lost no property right for which he is entitled to compensation.' " Id. at 73.

Our court concluded in *Tift County*, supra, that the controlling factor was that Smith's access to the public road upon which his property abutted was not interfered with, and hence the fact that farther down the road a dead-end obstruction was created, causing inconvenience, did not constitute the taking or damaging of private property for a public purpose so as to require compensation.

The more recent case of *DOT v. Whitehead*, 253 Ga. 150 (317 SE2d 542) (1984), presents another illustration of the difference between damages which are common to the public in general (non-compensable) and those which affect the special property rights of the landowner (compensable). Whitehead's property was on the corner of 19th and the convergence of Peachtree and West Peachtree Streets in Atlanta. DOT condemned his property right of access to the intersection of Peachtree and West Peachtree Streets in order to construct a limited access connector to the Buford Highway. Although he did not maintain a driveway to the intersection at that time, DOT permanently deprived him of his right of access and was thus liable for this direct impairment of his ownership rights.

In addition, Whitehead's access to that intersection via 19th Street, on which he also bordered, was interfered with because DOT closed 19th Street so that traffic could not go from 19th Street to the intersection of Peachtree and West Peachtree. His access to 19th Street, itself, was not, however, impaired. We pointed out in *Whitehead* that this obstruction to 19th Street, this alteration of the traffic flow and the resulting inconvenience, was non-compensable since this action of the DOT did not amount to a taking of his private property

---

[1] *Warren v. State Highway Comm.*, 250 Iowa 473, 480 (93 NW2d 60) (1958).

rights but instead damaged him in a general sense, common to that suffered by other members of the traveling public.[2]

Viewing Fountain's situation in the light of *Tift* and *Whitehead*, it is our opinion that the injury he complains of falls squarely within the non-compensable category and MARTA was not liable to Fountain for special damages as a matter of law.[3]

The issue of condemnation or not is ordinarily a question of law for the courts, and MARTA should have prevailed as a matter of law. *Piedmont Cotton Mills v. Ga. R. &c. Co.*, 131 Ga. 129, 134 (62 SE 52) (1908); *Atlantic &c. R. Co. v. Penny*, 119 Ga. 479 (46 SE 665) (1903). Although the case was submitted to the jury, MARTA nevertheless prevailed and the judgment of the trial court must be affirmed; that of the Court of Appeals is reversed. It likewise follows that the remaining enumerations of error need not be considered.

*Judgment reversed. All the Justices concur, except Smith and Bell, JJ., who dissent.*

DECIDED FEBRUARY 17, 1987 —
RECONSIDERATION DENIED MARCH 3, 1987.

*Kutak, Rock & Campbell, Barclay T. Macon, Jr., Charles N. Pursley, Jr.*, for appellant.
*George P. Dillard*, for appellees.

---

[2] Whitehead did not seek damages for the closing of 19th Street, nor for the changing of Spring and West Peachtree Streets to one-way streets. He was, however, permitted to show evidence of this and the resulting overall inconvenience in connection with his claim concerning the taking of his access directly onto Peachtree and West Peachtree.

[3] We analogize Fountain's problem to that in *Whitehead* of the non-compensable blocking of 19th Street rather than to the compensable taking of Whitehead's direct access to Peachtree Street and West Peachtree Street.