76720. HENDRIX v. DEPARTMENT OF TRANSPORTATION.
(373 SE2d 264)

McMURRAY, Presiding Judge.

George L. Hendrix appeals from the grant of summary judgment to the Department of Transportation (DOT) in his suit seeking compensation for an alleged inverse condemnation of his land and damage to his business. The undisputed facts before the trial court were as follows:

The property owned by Hendrix on which his business is operated is located on a county road approximately six-tenths of a mile east of a bridge across Horse Creek. Another bridge on this road crosses the Ogeechee River approximately four-tenths of a mile west of the Horse Creek bridge. After DOT notified the county authorities of the dangerous deterioration of these bridges, the two counties involved in their maintenance entered into an agreement to have DOT construct replacement bridges. The county commissions of these respective counties further voted to close the county roads at the bridge approaches from April 1986 until construction of the bridges was complete. The bridge closings and construction did not directly affect access to appellant's property, nor change the ingress to and egress from his business. However, it did necessitate driving a more circuitous route by adding about 15 miles to reach his property from certain areas west of the Ogeechee River. Once construction is completed and opened to traffic, persons travelling to and from the Hendrix property can use the same routes available before the temporary closings. *Held*:

Hendrix contends that because DOT negligently or wilfully failed to maintain or replace the bridges he has completely lost his business as a result of the closing of the road; and that it has recently been held that a state agency or county is subject to a claim for damages for the taking of private property without just compensation under theories of trespass, nuisance or inverse condemnation. See, e.g.,

*Dept. of Transp. v. Bonnett*, 257 Ga. 189 (358 SE2d 245) (1987). DOT argues that appellant could not recover because the effect of the bridge construction is only a temporary detour in the route of travel to his property from certain locations; that he suffered no special damage different in kind from others on the highway; and that he cannot state a claim in negligence.

We agree with appellant that it is not necessary "that any consequential damage in condemnation must be permanent in order to be compensable. . . . [T]he only proper distinction to be made in cases of temporary takings is the same requirement in force for permanent takings. That is that the consequential damages must be special to the condemnee and not be those suffered by the public in general." *Hillman v. Dept. of Transp.*, 257 Ga. 338, 339 (359 SE2d 637) (1987). " ' "[O]ne whose right of access from his property to an abutting highway is cut off or substantially interfered with . . . has a special property (right) which entitles him to damages. But if his access is not so terminated or obstructed, if he has the same access to the highway as he did before the closing, his damage is not special, but is of the same kind, although it may be greater in degree, as that of the general public, and he has lost no property right for which he is entitled to compensation." ' [Cit.]" *Metro. Atlanta Rapid Transit Auth. v. Fountain*, 256 Ga. 732, 733 (352 SE2d 781) (1987). Accord *Dept. of Transp. v. Katz*, 169 Ga. App. 310, 311 (2) (312 SE2d 635) (1983). Likewise, "greater difficulty in ingress and egress which is occasioned by a change in traffic patterns is not an appropriate item of damages in proceedings such as this. [Cits.]" *Dept. of Transp. v. Coley*, 184 Ga. App. 206, 208 (1) (360 SE2d 924) (1987). See generally *Dept. of Transp. v. Whitehead*, 253 Ga. 150 (317 SE2d 542) (1984). Appellant has alleged only that he suffered damage to a greater degree than that of others affected by the bridge closings, which does not entitle him to compensation.

Appellant's negligence claims against DOT are equally unavailing. "An action for the value of private property taken or damaged for a public purpose is not, in the ordinary parlance, either a tort or a contract; it is simply a constitutional right which the citizen may not be denied. [Cits.]" *C. F. I. Constr. Co. v. Bd. of Regents*, 145 Ga. App. 471, 476 (3) (243 SE2d 700) (1978); cert. dismissed, 242 Ga. 96 (249 SE2d 613) (1978). Furthermore, even assuming DOT had any duty to maintain the bridges as a part of the county road system (see OCGA §§ 32-2-2; 32-4-41), a negligence claim against it would be barred by the doctrine of sovereign immunity unless waived to the extent of liability insurance coverage. However, "[s]ince a waiver depends upon the presence of a claim in the action for which liability insurance protection has been provided, if no employee is made a party defendant there will be no waiver as to DOT." *Price v. Dept. of*

*Transp.*, 257 Ga. 535, 537-538 (361 SE2d 146) (1987). Since no individual employees of DOT were named in his suit, appellant could recover from DOT, if at all, only from his inverse condemnation action based on Art. I, Sec. III, Par. I of the Constitution of the State of Georgia. *Powell v. Ledbetter Bros.*, 251 Ga. 649, 650 (2) (307 SE2d 663) (1983). Having failed to show any special damage to his property or a taking of his access thereto, summary judgment in favor of DOT was proper.

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 16, 1988.

*John G. Hunter*, for appellant.

*Michael J. Bowers*, Attorney General, *Sharon A. Gay*, for appellee.