A90A0649. CIRCLE K GENERAL, INC. v. DEPARTMENT OF
TRANSPORTATION.
(396 SE2d 522)

BEASLEY, Judge.

Circle K owns property at the corner of Peachtree Industrial Boulevard and Winters Chapel Road. The Department of Transportation brought condemnation proceedings against Circle K and obtained .008 of an acre of land and two easements. The condemnation was part of a project to convert Peachtree Industrial Boulevard into what DOT called a "controlled access road" or what Circle K says is a "limited access road" under OCGA § 32-1-3 (14). On each side of the new Peachtree Industrial through road will be one-way service roads. Peachtree Industrial will become a raised roadway over Winters Chapel.

Circle K has operated a filling station and quick stop grocery on the corner and has had unlimited access to its property from Peachtree Industrial and Winters Chapel Road. When the project is finished, Circle K will have no direct access to Peachtree Industrial. It will have indirect access via the service road abutting its property and the exit and entrance ramps from Peachtree Industrial. The closest entrance and exit ramp to Circle K from Peachtree Industrial will be 2,000 feet away. Circle K claims consequential damages, alleging an impairment of access to its property.

The court granted DOT''s motion in limine in part, ruling that: "ordinarily the Defendant would not be entitled to compensation for damages resulting in the change in access to Peachtree Industrial Boulevard. However, the Defendant would be entitled to recover for any damages from the change in access which would be unique to itself and not of the same kind as the general public meaning the other property owners along Peachtree Industrial Boulevard whose access was also changed." The court regarded as controlling *MARTA v. Fountain*, 256 Ga. 732 (352 SE2d 781) (1987).

The limitation was error. The decisions in *Department of Transp. v. Whitehead*, 253 Ga. 150 (317 SE2d 542) (1984), and *Clayton County v. Billups Eastern Petroleum Co.*, 104 Ga. App. 778 (123 SE2d 187) (1961), control. Circle K has the right to present evidence to show that its access has been substantially restricted. "The right of access, or easement of access, to a public road is a property right which arises from the ownership of land contiguous to a public road, and the landowner cannot be deprived of this right without just and adequate compensation being first paid. [Cits.] The easement consists of the right of egress from and ingress to the abutting public road and from there to the system of public roads. [Cit.]" *MARTA v. Datry*, 235 Ga. 568, 575 (220 SE2d 905) (1975).

In *Whitehead*, the Supreme Court affirmed a decision to admit evidence showing the property owner's inconvenience and circuity of travel after a portion of his land was condemned and his access to a public road was eliminated. The jury awarded Whitehead consequential damages for the interference with access to the remaining portion of his property. *Billups* held that a cause of action existed as to a property owner's allegations of substantial impairment of access to his property after conversion of the abutting road to a limited access road. Based on these two cases, evidence of Circle K's impairment of access onto the public through road abutting its property should not be foreclosed.

This case differs from *MARTA v. Fountain*, supra. There the property owner, sought, on a theory of inverse condemnation, damages for what amounted to merely a change in traffic pattern after the traffic past his business was rerouted and the road abutting his property was converted to a dead end street. The Supreme Court held that MARTA was not liable for damages to Fountain because none of Fountain's former access to East Lake Drive or West Howard was interfered with. Since access was not diminished, there was, by law, no condemnation.

Circle K's access to Peachtree Industrial has been impaired. The service road is not per se a substitute for the through road, as related to Circle K's property. Access to the highway is not "the same" as before. *Department of Transp. v. Katz*, 169 Ga. App. 310 (312 SE2d

635) (1983). It is up to the trier of fact to decide if there has been substantial impairment and if so, the value. Whether a property owner has "reasonable access" to the property under the circumstances and whether the existing access was "substantially interfered with" are questions of fact to be decided by the jury. *DeKalb County v. Glaze*, 189 Ga. App. 1, 2 (375 SE2d 66) (1988).

Where the damage "resulting from any such inconvenience is based upon the elimination of his easement of access, [the property owner's] damage is special and not the same as that suffered by the public in general." *Whitehead*, supra at 152. See *State Hwy. Dept. v. Irvin*, 100 Ga. App. 624, 626 (112 SE2d 216) (1959). Applying this standard, Circle K's impairment of access is special and not merely damage that is "different from that of the general public in degree only, and not in kind." *Tift County v. Smith*, 219 Ga. 68, 72 (131 SE2d 527) (1963).

Other jurisdictions are in agreement. In *State Dept. of Transp. v. Stubbs*, 285 S2d 1 (Fla. 1973), the court determined that the issue of whether damages were different in kind from neighbors affected by the taking was not entirely dispositive. The court determined that the real issue was whether or not there had been a substantial diminution in access to the property as a result of the taking. Substantiality was held to be a jury issue. Accord *Hendrickson v. State,* 267 Minn. 436 (127 NW2d 165) (1964); *Douglas County v. Briggs*, 286 Or. 151 (593 P2d 1115) (1979).

Circle K has no right to traffic flow past its business or compensation for a change in traffic pattern. *Department of Transp. v. Coley*, 184 Ga. App. 206, 208 (1) (c) (360 SE2d 924) (1987); *Department of Transp. v. Katz*, supra. It does have a right of access to its property and a correlative right to be paid for its substantial impairment.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED JULY 11, 1990 —
REHEARING DENIED JULY 30, 1990 — CERT. APPLIED FOR.

*Harold A. Lassman*, for appellant.

*Michael J. Bowers, Attorney General, Roland F. Matson, Senior Assistant Attorney General, Cheeley & Chandler, Richard B. Chandler, Jr.,* for appellee.