A94A1163. DEPARTMENT OF TRANSPORTATION v. SHARPE et al.
(445 SE2d 343)

BLACKBURN, Judge.

Condemnor, Georgia Department of Transportation (DOT) appeals from a jury verdict and judgment for the condemnees, R. G. Sharpe and Dabney Sharpe, personally and as the administrator of the estate of C. W. Sharpe. The underlying condemnation action went to trial for a determination of the fair market value of 19.289 acres of land and 8,000,000 tons of limestone deposits on the land. The jury

awarded $650,000 for the value of the property, including the limestone deposits. On appeal, the DOT asserts that several errors occurred at trial.

1. In its first enumeration of error, the DOT contends that the trial court erred in charging the jury on "peculiar value," and in failing to give its requested charges on evaluation of expert witness' opinion and reasonable probability of use of land.

The trial court charged: "You are entitled to consider the peculiar value of property to the owner under certain conditions, but before you consider the peculiar value of property to the owner, you must find that the relationship of the owner to it is peculiar, that is — that its advantages to the owner are more or less exclusive, and would not be likely to apply to another owner." The jury's consideration of this charge requires reversal.

"Generally speaking, the measure of damages is the market value of the property to be taken, and when this would give just and adequate compensation to the owner this rule should be applied. But when the evidence shows that the property has some unique and special value to the condemnee other than, or over and above, fair market value, and that fair market value will not afford just and adequate compensation to the condemnee, other criteria than fair market value may be considered in arriving at just and adequate compensation." (Citations and punctuation omitted.) *Macon-Bibb County Water &c. Auth. v. Reynolds*, 165 Ga. App. 348, 352 (299 SE2d 594) (1983). Peculiar value is restricted "to property having an existing use which the owner of the property is devoting it at the time it is taken by eminent domain when such land possesses a peculiar value for such use. It must appear, not that the property is peculiar, but that the relationship of the owner thereto is peculiar — its advantages to him more or less exclusive — that is, that it is property having value peculiar to the owner only, and without possible like value to others who might acquire it." (Citations and punctuation omitted.) Id. at 353. "However, '(a)s long as there is an ascertainable market value, no consideration need be given to value peculiar to the owner.'" Id.

There is no evidence in the record that the condemnees held any special relationship to the land or that adequate compensation could not be determined by fair market value. Neither was there evidence that the land was used for any peculiar purpose. In fact, the evidence showed the condemnees were not mining the limestone deposits and, had refused to sell the mining rights to a cement company located next to their property. Several experts testified regarding the value of the property and the limestone deposits. The fact that the experts disagreed as to the specific amount, is not evidence that valuation by the fair market value approach would not provide adequate compensation.

"The issue of whether land taken or damaged in an eminent domain proceeding is unique or peculiar is a jury question. [Cit.] But, a charge to the jury on this subject which is correct as an abstract principle of law, if not supported by the evidence, may tend to confuse or mislead the jury and is error which is presumptively harmful to the losing party. [Cits.]" Id. at 353. The condemnees argue that the land was unique in that its location next to a cement company provided higher profits to the cement company due to low production costs. This, however, does not make the land unique, nor does it justify the trial court's peculiar value charge. See *Raiford v. Dept. of Transp.*, 206 Ga. App. 114 (2) (424 SE2d 789) (1992); *Dept. of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541 (3) (309 SE2d 816) (1983).

The DOT also contends that the trial court erred by failing to give its requested charge on evaluation of an expert's opinion and reasonable probability of use of land for a particular purpose. However, having reviewed the trial court's charge, as a whole, we find that the requested language was adequately covered in the charge given. *Kelly v. Scheidt*, 209 Ga. App. 357 (433 SE2d 370) (1993).

2. In its second enumeration of error, the DOT contends that the trial court erred in denying its motion for a mistrial or, in the alternative, to exclude Glen Sharpe's testimony regarding the value of the limestone deposits. Prior to trial, the trial court granted the DOT's motion in limine to prevent Glen Sharpe from testifying as to a conversation with an official at a South Carolina cement company in which the official stated that the company was paying $1 per ton for limestone. The trial court determined that Sharpe was not an expert witness and should not be permitted to give hearsay testimony regarding value.

At trial, the DOT objected when Sharpe's attorney asked if the people Sharpe had discussed the value of the limestone with, had discussed the relative location of the mineral deposits to the cement plant. The trial court overruled the objection and stated that, at worst, the testimony would be redundant. Several questions later, Sharpe testified, without objection, that he thought the land and limestone deposits were worth $8,018,000. The DOT moved for a mistrial after the evidentiary portion of the trial was completed. The trial court then instructed the jury "not to consider as evidence, . . . and otherwise disregard that portion of Mr. Sharpe's testimony wherein he stated that a specific dollar amount or valuation was told to him by a person who did not appear and testify in this trial."

"The decision whether to grant a mistrial or give a curative instruction ordinarily rests in the trial judge's sound discretion. . . . *Patterson v. State*, 192 Ga. App. 449, 452 (3) (385 SE2d 311) (1989). Such rulings will not be disturbed unless the trial court's discretion is manifestly abused, whether in ruling on a motion for mistrial or in

the extent of the curative action, such as admonishing the witness. See *Dept. of Transp. v. Lowery*, 163 Ga. App. 114, 117 (2) (291 SE2d 573) (1982)." (Punctuation omitted.) *Loper v. Drury*, 211 Ga. App. 478, 483 (440 SE2d 32) (1993). The trial court did not abuse its discretion; its curative instruction adequately addressed any harm attributable to Sharpe's testimony.

3. We have reviewed the DOT's remaining enumerations of error and find them to be without merit.

*Judgment reversed. Birdsong, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JUNE 15, 1994.

*Michael J. Bowers, Attorney General, Sell & Melton, John A. Draughon, Michelle W. Johnson*, for appellant.

*Hulbert, Daniel & Lawson, Tom W. Daniel, William R. Jerles, Jr.*, for appellees.