S95A0345. TANTHONGSACK v. THE STATE.

(453 SE2d 468)

CARLEY, Justice.

Appellant and a co-defendant were brought to trial before a jury and found guilty of malice murder, felony murder while in the commission of an aggravated assault, and aggravated assault. In accordance with *Malcolm v. State,* 263 Ga. 369, 373 (5) (434 SE2d 479) (1993), however, the trial court entered judgments of conviction and life sentences only as to the malice murder count. Thereafter, separate motions for new trial were filed and, when those motions were denied, separate notices of appeal were filed.[1]

1. Appellant urges that, because he is Laotian, he "may not" have understood fully what was transpiring during the trial. The record shows, however, that the trial court granted appellant's motion for funds to hire an interpreter and that no further question about appellant's comprehension was thereafter raised in the trial court. Accordingly, appellant's speculation regarding his lack of understanding presents nothing for appellate review. An issue which was not raised below cannot be raised on appeal. *Williams v. State,* 262 Ga. 422, 423 (2) (420 SE2d 301) (1992).

2. Contrary to appellant's contention, the record shows that he was fully informed as to his right to waive his fifth amendment privilege and that, after conferring with counsel, he elected not to take the stand in his own defense. *Hendricks v. Stynchcombe,* 248 Ga. 171 (281 SE2d 612) (1981).

3. Appellant was identified as the triggerman by an eyewitness. The credibility of the eyewitness' testimony was for the jury. When construed most favorably for the State, the evidence was sufficient to

---

[1] The homicide was committed on October 30, 1993 and the indictment was returned on November 12, 1993. The guilty verdicts were returned on February 22, 1994 and the judgments of conviction and life sentences were entered on February 23, 1994. Appellant's motion for new trial was filed on March 10, 1994 and denied on October 20, 1994. The notice of appeal was filed on October 21, 1994 and the case was docketed in this court on November 18, 1994. Oral argument was heard on February 14, 1995. The judgment of conviction and life sentence imposed upon the co-defendant were affirmed in *Souvankhot v. State,* 265 Ga. 15 (453 SE2d 25) (1995).

authorize a rational trier of fact to find proof of appellant's guilt of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. After filing his notice of appeal to this court, appellant filed an extraordinary motion for new trial in the trial court. Any issue raised in that motion is beyond the scope of this appeal. An appeal from the final ruling on that motion must be pursued independently pursuant to OCGA § 5-6-35 (a) (7). *Anderson v. State*, 193 Ga. App. 540 (1) (388 SE2d 351) (1989).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 27, 1995.

*Hurl R. Taylor, Jr.*, for appellant.
*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Michael D. Groves, Assistant Attorney General*, for appellee.