A95A2699, A95A2700. DEPARTMENT OF TRANSPORTATION
v. DURPO; and vice versa.
(469 SE2d 404)

ANDREWS, Judge.

*Case No. A95A2699*

Clark L. Durpo, Sr. sued the Department of Transportation ("DOT") for inverse condemnation, based upon an alleged taking of a "right of access" from his property to State Route 138. The parties stipulated to a bench trial and submitted summaries of projected testimony of witnesses, exhibits and drawings to the court. The trial court entered a judgment ruling that the DOT's closure of Iris Drive at its intersection with State Route 138 was a compensable taking as a matter of law. The trial court found that because Durpo's property no longer had a "right" of access to State Route 138 but instead had a "privilege" of access based on the whim of an adjoining property owner, "the *way* in which the Department of Transportation 'closed' this road subjects it to liability under the Georgia Constitution, Art. 1, § 3, ¶ 1." Following negotiation and discussion, the parties stipulated to the amount of damages as $350,000 which the court awarded to Durpo. For the reasons that follow, we reverse.

Durpo is the owner of a small shopping center in Rockdale County known as Stoneway Plaza, which abuts Iris Drive and is readily visible from Interstate 20. Prior to the DOT's closure of Iris Drive, Durpo's property had ready access to both State Route 138 and Interstate 20 by means of Iris Drive, which was the Interstate 20 access road at its intersection with State Road 138, immediately adjacent to the intersection of Interstate 20 and State Route 138. For the purposes of traffic control and the reduction of accidents, the DOT closed

Iris Drive at its intersection with State Route 138. The barricade closing the roadway is two-tenths of a mile from Durpo's property, and because of the road closure, Durpo can reach State Route 138 in a less direct manner, by traveling approximately one mile. Due to the closure of the end of Iris Drive on the east side of State Route 138, there is a corresponding reduction of access to Iris Drive from the east since no through traffic is possible from that direction except by using a neighboring Waffle House's parking lot as a cut-through, which the trial court coined, "Access allowed if an egg is eaten en route." At the non-barricaded end of Iris Drive, the DOT installed "No Thru Traffic" signs. The DOT constructed a new road which connected Iris Drive to Old Salem Road and allowed continued access to State Route 138. The net effect of the new road was to route traffic around Durpo's property onto a different road.

Durpo claimed his shopping center sustained business losses directly attributable to the DOT's barricade. Durpo contended that an immediate and uninterrupted access to the major system of roads from Iris Drive to State Route 138 and Interstate 20 was critical to the value and economic success of his shopping center. The trial court agreed and found a compensable taking.

It is undisputed that Durpo's property still abuts Iris Drive and that Durpo's immediate access to Iris Drive from his property remains unchanged.

1. The DOT contends that the trial court erred as a matter of law by ruling that the DOT's closure of Iris Drive at its intersection with State Route 138 constituted a compensable taking because Durpo did not lose access to any abutting roadway and still has access to State Route 138 by traveling approximately one mile.

Durpo's situation is factually similar to *Tift County v. Smith*, 219 Ga. 68 (131 SE2d 527) (1963). In *Smith*, when the DOT built a new highway, the old road permanently dead ended 50 feet from the corner of the Smiths' property, necessitating increased travel of about 2.4 miles and the occasional use of hilly dirt roads. *Smith*, 219 Ga. at 69. Despite the inconvenience and resulting diminution of property value, the Supreme Court determined that the Smiths' damage was not compensable because there was no violation of any special right held by the Smiths as owners of the impacted property inasmuch as their inconvenience was shared by the general public. *Smith*, 219 Ga. at 72. Thus, the DOT's closure of the road abutting the Smiths' property was not a compensable taking even though the closure created inconvenience. The Supreme Court held, "What we deem controlling under the facts here is that access to the Old John Williams Road upon which the plaintiffs' property abuts was not interfered with. The fact that farther down this road a dead-end obstruction was created so as to constitute a cul-de-sac, causing inconvenience, does not, in

our view, constitute the taking or damaging of private property for a public purpose so as to require compensation." *Smith*, 219 Ga. at 73-74.

We find this case to be controlled by *Smith*. Here, the DOT created a dead end obstruction at one end of Iris Drive but did not alter Durpo's access to Iris Drive from his property. The gravamen of Durpo's complaint was that his access to nearby State Route 138 and Interstate 20 was severely impacted, an unfortunate consequence but not a compensable taking under our law.

A similar result was reached in *Dept. of Transp. v. Taylor*, 264 Ga. 18 (440 SE2d 652) (1994). The Supreme Court held that in order to ascertain whether the inconvenience of access to public roads is compensable in takings cases, "it must first be determined whether the inconvenience is that which is shared by the public in general, which is not compensable, or that which is special to the landowner, which is compensable. *MARTA v. Fountain*, 256 Ga. 732, 733 (352 SE2d 781) (1987)." *Taylor*, 264 Ga. at 19-20 (3) (a). If the property owner has the same access to the public road or highway which abuts his property, as he did before the road closing, then his damage is not special. Id. at 20. In the case at bar, Durpo has the same access from his property to Iris Drive as before the road closing.

Circuity of travel and the inconvenience caused by traffic flow and traffic patterns are not compensable as takings. See *Fountain*, supra (holding no compensable taking where property was formerly on the corner of two main arteries and ended up as the sole property fronting a dead end spur of rerouted street); and *Floyd County v. Griffin*, 109 Ga. App. 802 (137 SE2d 483) (1964) (holding no compensable taking where street converted to a dead end and property owner suffers resultant inconvenience).

Durpo's reliance on *Circle K Gen. v. Dept. of Transp.*, 196 Ga. App. 616 (396 SE2d 522) (1990), and *Dept. of Transp. v. Whitehead*, 253 Ga. 150 (317 SE2d 542) (1984) is misplaced because those cases involved the taking of an easement of access onto an abutting road. Here, Durpo has not been deprived of an easement of access onto an abutting road.

Because we conclude that Durpo's access to the public road abutting his property remains unchanged, we find that the trial court erred in finding a compensable taking. See *Taylor*, 264 Ga. at 20 (3) (c); *Smith*, 219 Ga. at 73.

2. The DOT contends that the trial court's ruling is an infringement on the separation of powers clause of the Georgia Constitution, Art. I, Sec. II, Par. III and constitutes judicial interference with the DOT's powers and duties under OCGA § 32-2-2 (a) (1). Because of our decision in Division 1, we need not address the merits of this enumeration.

3. In his cross-appeal, Durpo contends that the trial court erred in denying post-judgment interest on the judgment award. In light of our decision in Division 1, we need not address this enumeration.

*Judgment reversed in Case No. A95A2699. Judgment affirmed in Case No. A95A2700. McMurray, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 20, 1996 —
RECONSIDERATION DENIED MARCH 6, 1996 —

*Michael J. Bowers, Attorney General, George P. Shingler, Deputy Assistant Attorney General, Jeffrey J. Davis, Assistant Attorney General,* for appellant.

*Strauss & Walker, John T. Strauss,* for appellee.