## A96A0210. DEPARTMENT OF TRANSPORTATION v. BRIDGES.
(473 SE2d 765)

BLACKBURN, Judge.

In the underlying action, Bridges sought recovery from the Department of Transportation (DOT) on a theory of inverse condemnation. Upon our grant of its application for interlocutory appeal, the DOT appeals the trial court's denial of its motion for summary judgment.

Bridges' complaint is based on the DOT's closing of Chumley Circle at its intersection with Canton Road. Bridges' property is an undeveloped commercial tract of land which abuts Chumley Circle near its intersection with Canton Road. It is the only property in the county with a Chumley Circle street address and the only property which uses Chumley Circle as its primary access to Canton Road. Surrounding properties are zoned residential and either have direct access to Canton Road or have used other residential streets for access. The DOT closed Chumley Circle at its intersection with Canton Road for safety reasons.

The court's denial of summary judgment rested on the conclusion that Bridges has a right to be compensated for any substantial impairment of his right of access to his property, that the existing means of ingress and egress may not be substantially interfered with

without compensation, and that it is for the jury to decide whether there has been a substantial impairment or interference.

1. The issue here is whether Bridges has suffered any violation of a special right which he holds by virtue of ownership of his property, as opposed to a violation of those general rights which he enjoys in common with the public. If he has not, then he cannot recover damages for this injury, which he suffers in common with other members of the public.

Bridges' commercial property had been zoned O & I since 1985, and he intended to develop it as office property. The DOT action has taken away Bridges' right to develop his property commercially because it has cut off access to the commercial artery and the only access is now through residential neighborhoods. As Bridges owns the only property so affected, his injury raises a jury question. Being the solitary property affected is the ultimate state of uniqueness.

Whether property is unique is a jury question, and only slight evidence of uniqueness is required to warrant the submission of the issue to the jury. *DeKalb County v. Glaze*, 189 Ga. App. 1, 4 (375 SE2d 66) (1988). All evidence is viewed in favor of Bridges and in opposition to the DOT's motion for summary judgment. The facts herein outlined are supported by Bridges' affidavit and are undisputed by the DOT. The trial court correctly decided to submit this question to a jury. See *Dept. of Transp. v. 19.646 Acres of Land*, 178 Ga. App. 287 (1) (342 SE2d 760) (1986); *Dept. of Transp. v. 2.734 Acres of Land*, 168 Ga. App. 541, 542 (1) (309 SE2d 816) (1983).

In *Circle K Gen. v. Dept. of Transp.*, 196 Ga. App. 616 (396 SE2d 522) (1990), an excellent opinion authored by Judge Beasley, this Court held that the property owner in that case had the right to present evidence to show the access to its property had been substantially restricted. Substitution of a controlled access road by the State was held to potentially cause damage to the property owner which was compensable insofar as an access road was not the same as access to the major thoroughfare. In this case, Bridges has not even been provided with a controlled access road, but rather is faced with a constructed barrier which completely blocks his access to Canton Road. Additionally, a review of the diagram attached as Exhibit 1 to Bridges' affidavit shows that access to his commercially zoned property is now available only through surrounding residential property which is a substantial and unique detriment to him. The trial court in *Circle K* noted that *"the [property owner] would be entitled to recover for any damages from the change in access which would be unique to itself* and not of the same kind as the general public meaning the other property owners along [the street on which the plaintiff's property was located] whose access was also changed." (Punctuation omitted; emphasis supplied.) Id. at 617.

The dissent focuses on a distinguishable case, *Tift County v. Smith*, 219 Ga. 68, 72 (131 SE2d 527) (1963), in which the Court reiterated the existence of the "cul-de-sac" theory in which Georgia courts had permitted landowners to recover for damages incurred as a result of the dead-ending of a road *within the same block as the property involved,* citing *Felton v. State Hwy. Bd.*, 47 Ga. App. 615 (171 SE 198) (1933), and *Ga. Terminal Co. v. Temple Baptist Church*, 144 Ga. 791 (87 SE 1023) (1916). The Court also recognized in *Tift,* supra at 71, that it *did not apply to factual situations like the present case*: "The holdings by this court in *Ward* and *Georgia Terminal Co.,* supra[ cases similar to the present case], and those by the Court of Appeals turn upon whether the dead-end obstruction is within the same block as the property involved. Thus, *there is no decision by this court as to whether a situation comparable to the one here constitutes a claim compensable under the constitutional provision invoked."* (Emphasis supplied.)

In *Tift,* the Court further stated: "The complaint here is based upon access, *not* to the *road* upon which their property abuts, but to a particular place, Eldorado." (Emphasis in original.) Id. "The only interference plaintiffs allege is inconvenience of travel on the old road." Id. at 72. *"It is significant that they allege no . . . other damage that is peculiar to them because of their ownership of this property."* (Emphasis supplied.) Id. *Tift* did not involve an interference with the right to develop one's property consistent with its existing zoning, as does the present case. The right to so develop one's property is a property right with which the DOT cannot interfere without compensation to the landowner. See Ga. Const. 1983, Art. I, Sec. III, Par. I.

Bridges' property is the only property on Chumley Circle and is the only property directly affected by the DOT's action. This distinguishes the present case from *Tift* and *MARTA v. Fountain*, 256 Ga. 732 (352 SE2d 781) (1987), which cites *Tift.* The flaw in applying *MARTA* and *Tift* to the present case is the underlying assumption in those cases that there are others who adjoin the "abutting highway" and are similarly affected, and thus there is no special right in the complaining landowner. "[O]ne whose right of access from his property to an abutting highway is cut off or substantially interfered with has a special property right which entitles him to damages. But if his access is not so terminated or obstructed, if he has the same access to the highway as he did before the closing, his damage is not special, but is of the same kind, although it may be greater in degree, as that of the general public, and he has lost no property right for which he is entitled to compensation." (Punctuation omitted.) *MARTA,* supra at 733, quoting *Tift.*

Bridges' access differs in kind, as no other property abuts the road, not in degree, and thus *MARTA* and *Tift* are inapplicable. Fur-

ther, Bridges has also lost a property right for which he is entitled to compensation, even under the language of *Tift*, that being his right to develop his property which was precluded by the DOT's action. Bridges' inability to develop the commercial potential of his property is a special damage unique to him alone, suffered as a result of the actions of the DOT. Being the only one affected is as unique and special as one can get; there is no higher degree of uniqueness. "[C]onsequential damages must be special to the condemnee and not be those suffered by the public in general." *Hillman v. Dept. of Transp.*, 257 Ga. 338, 339 (359 SE2d 637) (1987).

This case is also distinguishable from the *Durpo* case cited by the dissent. See *Dept. of Transp. v. Durpo*, 220 Ga. App. 458 (469 SE2d 404) (1996). In *Durpo*, the landowner complained that its *direct* access to a main road was closed, thereby causing a loss of business because of the new *less-direct method* its customers must travel to reach it. In the present case, Bridges can no longer develop his commercial property due to the DOT's actions. The only remaining access to Bridges' *commercial* property is through *residential* neighborhoods. Bridges' damages are special and unique as contrasted with the type of damages addressed in *Durpo*.

Therefore, the trial court did not err in denying DOT's motion for summary judgment.

2. Bridges contends that he has been denied access to the county sewer system. Bridges alleged that he had received approval to access the county sewer system, that he presented evidence (which he did) that the closure of Chumley Circle at its intersection with Canton Road has denied him his only access to the sewer system, and that such access is necessary in order for him to develop his property. A complete denial of access to a public utility under these circumstances would constitute a compensable damaging of property. Consequently, the court did not err in denying DOT's motion for summary judgment on Bridges' amendment to his complaint.

3. We do not address DOT's argument regarding the separation of powers clause of the Georgia Constitution, in that it does not appear this issue was raised below. See, e.g., *Tanthongsack v. State*, 265 Ga. 88 (1) (453 SE2d 468) (1995).

*Judgment affirmed. McMurray, P. J., Birdsong, P. J., Pope, P. J., Johnson, Smith and Ruffin, JJ., concur. Beasley, C. J., and Andrews, J., concur in part and dissent in part.*

BEASLEY, Chief Judge, concurring in part and dissenting in part.

I fully concur in Divisions 2 and 3 but respectfully dissent as to Division 1. Since the decision in *Tift County v. Smith*, 219 Ga. 68 (131 SE2d 527) (1963), the law in Georgia has been that a landowner has a special property right which entitles him to access to a public road

abutting his property, but that inconvenience of access to other roads and circuity of travel caused by the closure of one end of an abutting road, which closure is a short distance from the landowner's property, does not violate any special right of the landowner. In this case, the Court holds that such a closure does violate a special right of the landowner if the landowner's property is unique in the sense that it is the only property which abuts only that road. This holding misapplies the concept of uniqueness and is in conflict with *Tift County* and its progeny. I therefore respectfully dissent from Division 1 of the majority opinion.

*Tift County* acknowledged that a landowner has a special property right which entitles him to access to a public road abutting his property. *Dept. of Transp. v. Whitehead*, 253 Ga. 150 (317 SE2d 542) (1984); *Circle K Gen. v. Dept. of Transp.*, 196 Ga. App. 616 (396 SE2d 522) (1990); and *DeKalb County v. Glaze*, 189 Ga. App. 1, 2 (1) (375 SE2d 66) (1988), are examples of cases in which a landowner's right of access to an abutting road was interfered with or impaired.

Conversely, *Tift County* drew the distinction that inconvenience of access and circuity of travel caused by the closure of one end of an abutting road a short distance from the landowner's property does not violate any special right of the landowner. The Supreme Court reasoned: "What we deem controlling under the facts here is that access to the [road] upon which the plaintiffs' property abuts was not interfered with. The fact that farther down this road a dead-end obstruction was created so as to constitute a cul-de-sac, causing inconvenience, does not, in our view, constitute the taking or damaging of private property for a public purpose so as to require compensation." 219 Ga. at 73-74.

Since the Supreme Court also stated that it was not concerned with the fact that plaintiffs' property was located without, rather than within, a municipally incorporated area, id. at 73, *Tift County* renounces the cul-de-sac principle. Accord 16 Mercer L. Rev. 50-51 (1964). In this regard, that principle has not been applied in any case since the *Tift County* decision, and it is not relied on by plaintiff Bridges.

*MARTA v. Fountain*, 256 Ga. 732 (352 SE2d 781) (1987), and *Hendrix v. Dept. of Transp.*, 188 Ga. App. 429 (373 SE2d 264) (1988), are examples of cases involving non-compensable injuries. See also *Dept. of Transp. v. Taylor*, 264 Ga. 18 (440 SE2d 652) (1994). Like the present case, *Taylor*, *Hendrix*, and *Fountain* involved commercial properties.

Bridges' is one of the four properties which abut Chumley Circle, but Bridges' is the sole property which does not also abut another public road. Two also abut Canton Road, and one also abuts Hilltop Drive. Bridges regarded Chumley Circle as a driveway which con-

nected his property to a public road (Canton Road), but Chumley Circle is itself a public road. It connects with others in the residential subdivision, so it gave a number of property owners more direct access to Canton Road than they now have since Chumley Circle has been closed at Canton Road. See the appendix hereto. That is, the most direct route to Canton Road for property owners on Kelley Drive also has been cut off by the closure so that they, like Bridges, must access Canton Road by way of Hilltop Drive. (For some, Suholdon Circle would now be more direct.)

It is undisputed that Bridges' access to the abutting public road (Chumley Circle) was not diminished. Bridges' access to Canton Road was changed from one lot's distance to four lots' distance. The inconvenience caused by the closure is an injury which "falls squarely within the non-compensable category. . . ." *Fountain*, supra at 734.

In *Dept. of Transp. v. Durpo*, 220 Ga. App. 458 (469 SE2d 404) (1996), the property owner owned a shopping center abutting Iris Drive. For safety reasons, the DOT closed Iris Drive at its intersection with State Route 138 (the Interstate 20 access road). This resulted in less convenient access from Durpo's property to State Route 138 and Interstate 20, and in traffic being routed around Durpo's property, but Durpo's access to Iris Drive was not altered.

Durpo contended that an immediate and uninterrupted access from Iris Drive to State Route 138 and Interstate 20 was critical to the value and economic success of the shopping center. The trial court ruled that DOT's closure of Iris Drive at its intersection with State Route 138 was a compensable taking.

This Court reversed. *Tift County*, relied on in Division 1 of that opinion, is now sought to be distinguished by the majority. The court in *Durpo* distinguished *Circle K*, on which the majority places major reliance here. The only distinction between Bridges' case and *Durpo* is that *Durpo* involved economic loss suffered by a property owner who operated an established business, whereas this case involves economic loss suffered by a property owner who has not yet developed the property or established business on it but instead has had it rezoned from residential to commercial property.

"The term 'uniqueness' is used in two contexts. One is where the property on which a business is situated constitutes a 'unique' location, allowing business losses. The other is where property is 'unique,' so that its fair market value does not represent the condemnee's actual loss. [Cits.]" *Raiford v. Dept. of Transp.*, 206 Ga. App. 114, 119 (2) (424 SE2d 789) (1992). In order for a recovery by the property owner to be sanctioned in either context, there must have been a compensable damaging or taking. See, e.g., *Dept. of Transp. v. Sharpe*, 213 Ga. App. 549, 550 (1) (445 SE2d 343) (1994); *Dept. of Transp. v. Hillside Motors*, 192 Ga. App. 637 (385 SE2d 746) (1989).

The denial of vehicular access to Canton Road via Chumley Circle, there being other access, did not constitute a compensable taking or damaging of Bridges' property. The fact that Bridges' is the sole property with a Chumley Circle address does not qualify it as compensably unique. This fact does not turn otherwise non-compensable damage into a compensable taking. If it did, it would mean that if there is only one tract which abuts only one street, the dead-ending of the street may be compensable; but if there is another tract, it is not.

Moreover, the majority errs when its accepts as true Bridges' conclusory assertion that access from his property to Canton Road via Chumley Circle is necessary in order for him to develop the property commercially. The DOT did not dispute this assertion because it moved for summary judgment on a theory that makes the assertion immaterial and because Bridges did not move for partial summary judgment on this issue.

I am authorized to state that Judge Andrews joins in this opinion.

APPENDIX

MICROFILM

DECIDED JUNE 28, 1996 — 

*Michael J. Bowers, Attorney General, George P. Shingler, Deputy Attorney General, Jeffrey J. Davis, Assistant Attorney General, Anne W. Sapp, for appellant.*

*Moore & Rogers, John H. Moore, G. Phillip Beggs, Bentley, Bentley & Bentley, Fred D. Bentley, Jr., Linda W. Brunt, Maddox, Maddox & Maddox, Lynwood A. Maddox, for appellee.*