S96G1704. DEPARTMENT OF TRANSPORTATION v. BRIDGES.

(486 SE2d 593)

HINES, Justice.

This Court granted certiorari to the Court of Appeals to consider whether its decision in this case[1] conflicts with *Tift County v. Smith,* 219 Ga. 68 (131 SE2d 527) (1963) and its progeny, *Dept. of Transp. v. Durpo,* 220 Ga. App. 458 (469 SE2d 404) (1996). We conclude that it does, and reverse the Court of Appeals determination that the landowner has suffered a violation of a special right entitling him to compensation.

The relevant facts are set forth in the writings of the Court of Appeals. Leon Bridges owns an undeveloped tract of land, zoned for commercial use, which abuts Chumley Circle, a public road, near its intersection with Canton Road, also a public thoroughfare. Bridges regarded Chumley Circle as his primary access to Canton Road. Three other properties abut Chumley Circle but the Bridges property is the only one with a Chumley Circle address and which does not also abut another public road. The Department of Transportation (DOT) closed Chumley Circle at its intersection with Canton Road for safety reasons. The closing did not diminish Bridges' access to Chumley Circle but lengthened (by three parcels of property) his access to Canton Road, and necessitated a route through residential streets. Chumley Circle connects with other public roads in a residential subdivision, and the closure also cut off the most direct route to Canton Road for other property owners.

In *Tift County,* which also involved the dead-ending of the public road abutting the landowner's property, this Court observed that,

> the rights of the [landowner] fall into two categories: general rights, which [the landowner has] in common with the public, and special rights, which [the landowner holds] by virtue of . . . ownership of [the] property. In order to constitute a taking or damaging of [the landowner's] property, it is the special rights that must have been violated.

Id. at 72. It is without question that an owner of property contiguous

---

[1] *Dept. of Transp. v. Bridges,* 222 Ga. App. 19 (473 SE2d 765) (1996).

to a public road has a right of access or easement of access to that public road as a right arising from the ownership of the land, and that the landowner cannot be deprived of this right without just and adequate compensation. *MARTA v. Datry*, 235 Ga. 568, 575 (220 SE2d 905) (1975).

But that is not the situation in this case. Bridges has not been deprived of his right of access to contiguous Chumley Circle. It remains unchanged. The complaint here, as it was in *Tift County*, is based upon inconvenience of access not to the roadway abutting the landowner's property, but rather to a particular place, in this case Canton Road. Such inconvenience of access is compensable only if it is determined that the inconvenience is special to the landowner and not that shared by the public in general. *Durpo*, supra, citing *Dept. of Transp. v. Taylor*, 264 Ga. 18, 19-20 (3) (a) (440 SE2d 652) (1994) and *MARTA v. Fountain*, 256 Ga. 732, 733 (352 SE2d 781) (1987).

A majority of the Court of Appeals found Bridges' inconvenience to be special, indeed, his property to be "unique" because of the closure's impact on the commercial nature of the property. However, as noted in the dissenting opinion of the Court of Appeals, the majority distorts the concept of "uniqueness." It is a quality of property which allows the landowner enhanced compensation. See *MARTA v. Leibowitz*, 264 Ga. 486 (448 SE2d 435) (1994); *MARTA v. Funk*, 263 Ga. 385 (435 SE2d 196) (1993); see also *Dept. of Transp. v. Sharpe*, 213 Ga. App. 549 (445 SE2d 343) (1994). It does not itself constitute a cause of action, or create a compensable special property right. The fact that the closing has made access from Bridges' property to Canton Road more circuitous or changed the traffic flow or pattern does not entitle Bridges to damages. *Durpo*, supra at 460 (1) citing *MARTA v. Fountain*, supra. Nor is Bridges' inconvenience transformed into a compensable taking because he forecasts change in the projected commercial development of the property due to traffic being routed through an apparently residential neighborhood. Bridges' case cannot be favorably distinguished from that of the landowner in *Durpo*. There the landowner failed to suffer a compensable taking as a matter of law even though the road closing allegedly resulted in economic loss from the operation of an established business.

While it can certainly be said that Bridges' inconvenience from the dead-ending of Chumley Circle may be greater in degree than that of the general public, he has lost no property right for which he is entitled to compensation. *Tift County* at 73. Accordingly, the find-

ing to the contrary by the majority of the Court of Appeals cannot stand.[2]

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 30, 1997 —
RECONSIDERATION DENIED JULY 25, 1997.

*Dwyer, White & Sapp, Anne W. Sapp,* for appellant.
*Moore, Ingram, Johnson & Steele, G. Phillip Beggs,* for appellee.
*Jackel, Rainey, Marsh & Busch, Dana L. Jackel,* amicus curiae.

---

[2] This decision addresses and reverses only Division 1 of the majority opinion of the Court of Appeals.