**FOURTH DIVISION**
**DOYLE, P. J.,**
**ANDREWS, P. J. and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**February 21, 2013**

# In the Court of Appeals of Georgia

A12A2493. GEORGIA DEPARTMENT OF TRANSPORTATION    DO-116
     v. BAE et al.

DOYLE, Presiding Judge.

Ju Hwan Bae and Kum Sun Bae filed an inverse condemnation claim arising from the construction of a new section of State Road 155 near their commercial property. The trial court denied summary judgment to the Georgia Department of Transportation ("DOT") and denied its subsequent motion for reconsideration. DOT filed an application for interlocutory review, which we granted. We reverse, for the reasons that follow.

The relevant facts are not in dispute. The Baes owns a gas station and convenience store in Griffin that is located on a triangular piece of land at the intersection of East McIntosh Road and a street that used to be known as State

Highway 155 (which is now known as Old State Highway 155).[1] DOT built a new highway segment nearby that is now called State Highway 155, so that the highway traffic no longer directly passes by the Baes' gas station. As part of this construction project, DOT converted one end of East McIntosh Road into a dead-end street some distance away from the Baes' business and the other end of East McIntosh was extended to meet the new State Highway 155. DOT did not alter the portions of the roads that abut the Baes' business, and their access to East McIntosh Road and Old State Highway 155 have not changed.

The Baes sued DOT for inverse condemnation, complaining that their business has fallen off significantly because they lack access to the newly constructed portion of State Highway 155. DOT moved for summary judgment, arguing that a re-routing of traffic does not amount to a compensable taking under Georgia law. The trial court denied DOT's motion on the ground that "there are genuine issues of fact regarding whether the [Baes] suffered a material alteration of access to their property and whether the [Baes] suffered a damage that is different in kind from that suffered by the public at large." The trial court also denied DOT's motion for reconsideration, and we granted its subsequent application for interlocutory appeal.

---

[1] There are several residences on the same street as the Baes' gas station.

2

In *Tift County v. Smith*,[2] the Supreme Court explained that the rights of persons asserting inverse condemnation claims "fall into two categories: general rights, which they have in common with the public, and special rights, which they hold by virtue of their ownership of this property. In order to constitute a taking or damaging of their property, it is the special rights that must have been violated."[3] The Court held:

> one whose right of access from his property to an abutting highway is cut off or substantially interfered with . . . has a special property [right] which entitles him to damages. But if his access is not so terminated or obstructed, if he has the same access to the highway as he did before the closing, his damage is not special, but is of the same kind, although it may be greater in degree, as that of the general public, and he has lost no property right for which he is entitled to compensation.[4]

In that case, the plaintiffs owned a farm that abutted a public road that DOT's predecessor agency converted into a dead-end road upon the construction of a nearby state highway.[5] The plaintiffs sued for inverse condemnation, claiming that the dead-ending of the road substantially increased their travel time to the nearest town. The

---

[2] 219 Ga. 68 (131 SE2d 527) (1963).

[3] Id. at 72.

[4] (Punctuation omitted.) Id. at 73.

[5] See id. at 69.

Supreme Court noted that the plaintiffs' complaint was based "upon access, *not* to the *road* upon which their property abuts, but to a particular place, [the town]."[6] The Court held that because the plaintiffs' access to the road abutting their property was not diminished, they were not entitled to compensation, even though the re-routing of traffic inconvenienced them.[7]

*MARTA v. Fountain*[8] presented facts very similar to those in this case. Fountain owned a service station at the corner of East Lake Drive and West Howard Avenue in Decatur.[9] Due to MARTA construction, East Lake Drive was re-routed, and the former East Lake Drive became a dead-end road terminating approximately 150 feet from Fountain's property.[10] Applying *Tift County*, the Supreme Court concluded that no compensable taking had occurred because Fountain still had the same unfettered access to the roads abutting his business, even though those roads were now less-

---

[6] (Emphasis in original). Id. at 71.

[7] See id. at 72.

[8] 256 Ga. 732 (352 SE2d 781) (1987).

[9] See id. at 732.

[10] See id. at 732-733.

traveled due to the re-routing of traffic.[11] *Tift County* and *Fountain* are applicable and controlling here.

The Baes' reliance upon *Circle K Gen. v. Dept. of Transp.*,[12] and *Dept. of Transp. v. Whitehead*[13] is misplaced. As the Supreme Court of Georgia previously explained, both of those

> case[s] involve[] a taking of an easement of access as a matter of law. In *Whitehead*, the property owner's direct access to [a particular road] was totally eliminated just as the property owner's direct access to [a road] was totally eliminated in *Circle K General*. Therefore, in those cases it was appropriate for the trier of fact to decide the extent of the impairment to existing access, as there had been interference with a special right.[14]

In this case, DOT did nothing to the roads abutting the Baes' business and did not terminate or obstruct their access to those roads. The Baes' harm has resulted from a re-routing of traffic, not a diminishment of access to the road, and therefore

---

[11] See id. at 733-734.

[12] 196 Ga. App. 616 (396 SE2d 522) (1990).

[13] 253 Ga. 150 (317 SE2d 542) (1984).

[14] *Depart. of Transp. v. Taylor*, 264 Ga. 18, 20 (3) (b) (440 SE2d 652) (1994).

5

"the injury [they] complain[] of falls squarely within the non-compensable category[,] and [DOT] was not liable to [the Baes] for special damages as a matter of law."[15]

We also reject the Baes' argument that they are entitled to compensation because vehicles can no longer turn both ways out of their property onto Old State Highway 155. As we held in *Dept. of Transp. v. Katz*,[16] changing the traffic pattern on a road adjacent to the plaintiff's from two-way to one-way "was no different from mere inconvenience and circuity of travel and was not compensable in the instant proceedings."[17] The Baes' contention that the road construction resulted in the appearance that the gas station was barricaded in and not accessible is similarly without merit.[18]

---

[15] *Fountain*, 256 Ga. at 734. See also *Dept. of Transp. v. Bridges*, 268 Ga. 258, 259 (486 SE2d 593) (1997); *Taylor*, 264 Ga. at 20-21 (3) (c); *Tift County*, 219 Ga. at 73; *Dept. of Transp. v. Durpo*, 220 Ga. App. 458, 460 (1) (469 SE2d 404) (1996).

[16] 169 Ga. App. 310 (312 SE2d 635) (1983).

[17] Id. at 313 (2).

[18] See *Moreton Rolleston, Jr. Living Trust v. Depart. of Transp.*, 242 Ga. App. 835, 838-839 (2) (531 SE2d 719) (2000) ("Impaired visibility by a certain flow of traffic, without more, does not constitute a taking or damaging of property that would entitle the [plaintiff] to compensation. . . .").

Accordingly, we conclude that the trial court erred by denying DOT's motion for summary judgment.

*Judgment reversed. Andrews, P. J. and Boggs, J., concur.*